# DAVID H. DALSON

*v.*

# PETER H. BRADBERRY.

1. MISJOINDER OF COUNTS—*case and trespass.* A count in case cannot be joined with a count in trespass.

2. SAME—*whether misjoinder can be aided.* Although, in some cases, a misjoinder of counts will be aided by intendment, yet such cannot be the case where a general verdict is returned, and where, for aught that would appear, the recovery was upon all the counts.

3. SAME—*how availed of.* A misjoinder of the causes of action renders the declaration bad on demurrer, without regard to the perfection of the counts in themselves, or such misjoinder may be availed of by motion in arrest, or upon error.

APPEAL from the Circuit Court of Crawford county; the Hon. H. B. DECIUS, Judge, presiding.

The opinion states the case.

Mr. JOHN SCHOLFIELD, for the appellant.

Mr. JAMES C. ALLEN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee commenced an action of trespass on the case against appellant, to recover for an injury to his reversionary interest in a tract of land held and occupied by a tenant under a lease from him. The declaration averred that, he being the owner and entitled to the reversion of the land, appellant, without leave and against the will of appellee, threw down and destroyed a large amount of fence, by hauling away the same, whereby the crop became exposed to cattle and other stock, and was thereby destroyed, whereby appellee became and was injured, and sustained damage.

Subsequently, on leave granted by the court, appellee filed an additional count. In it he proceeds for a trespass *quare clausum fregit*, and avers that appellant, with force and arms, broke and entered the close, and threw down and hauled away appellee's fences, by reason of which the grass and herbage were consumed and destroyed, to appellee's damage.

A trial was had, which resulted in a verdict in favor of appellee, whereupon appellant entered a motion for a new trial, which the court overruled, and rendered judgment on the verdict. The case is brought to this court on appeal, and we are asked to reverse the judgment on several grounds.

It is urged that there is such a misjoinder of causes of action as renders the judgment erroneous. A misjoinder of causes of action renders a declaration bad on demurrer, and this, too, without regard to the perfection of the counts in themselves. The law of pleading prohibits such a joinder, and hence the objection may be reached in that mode. It is not only subject to a demurrer, but it is bad in arrest or upon error. 1 Chit. Pl. 205, 8 Am. Ed. from the 6 Lond. Ed. It has, however, been held, that in some cases the misjoinder will be aided by intendment, as by taking damages under but one count, or by entering a remittitur of damages so as to recover but for one cause of action, or where the verdict is for the plaintiff on the counts well joined, and for the defendant on the others.

*Knightly* v. *Birch*, 2 Maule & Sel. 533. But in this case there was a general verdict, and, for aught we can see, the jury may have found damages under both counts.

It then remains to see whether case and trespass may be joined in the same declaration. Chitty lays down the rule, that assumpsit, covenant, debt, or account, cannot be joined with each other, nor trespass with case, for they are actions of distinct natures, and the judgments are different, that in tres-pass being, in strictness, *quod capiatur*, and that in case, *quod sit in misericordia.* Ib. 201 ; 1 Tidd's Prac. 10, Am. Ed. and note. It is laid down as a rule, that whenever the same process and judgment may be had on two counts, they may be joined, otherwise they cannot be. *Duke of Bedford* v. *Alcock*, 1 Wils. 248. It has also been said, that where the same plea may be pleaded, and the same judgment rendered on different counts, they may be joined. *Brown* v. *Dixon*, 1 Term R. 274. Notwithstanding there are various rules stated by different judges, by which to determine when different causes of action may be joined, they all agree that the judg-ments must be the same. And we have seen that they are not, in trespass and case. It, therefore, follows, that there was error in joining these counts, and we have seen that the defect may be reached, on demurrer, in arrest or upon error.

In this view of the case, we deem the consideration of the other grounds urged for a reversal as unnecessary.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*