(Decided 2nd May, 1878.)

---

JOHN J. PETERS *vs.* JESSE HILLES, JR., and D. MONT-GOMERY BOYD.

*Rescission of Contract of Sale of coal—Re-imbursement—When Vendee estopped from claiming Return of Purchase money—Matter proper for the consideration of the Jury.*

In an action of replevin brought by the vendors of a quantity of coal, against a person to whom the vendee had made an assignment for the benefit of his creditors, to recover so much of the coal as was still unsold, on the ground that the sale was fraudulent and void, and no title had passed from the plaintiffs, it was HELD:

1st. That if no title to the coal had passed to the purchaser, any of the same in his possession, and any money received by him on sales of the coal belonged to the plaintiffs.

2nd. That the vendee having the plaintiffs' funds in his hands from the sales of the coal equal to what the plaintiffs had received from him in part payment for the coal, that constituted a sufficient re-imbursement for the money so received from him.

3rd. That, holding such funds in his hands, the vendee was estopped from claiming the return of the money paid by him, upon the cancellation of the contract.

4th. That in determining the question of the vendee's reasonable expectation of being able to comply with the terms of his purchase at the time of the contract, his general indebtedness was a matter proper to be considered by the jury in the solution of the inquiry.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—At the trial the plaintiffs offered the two following prayers:

1. That if the jury shall find that the plaintiffs are partners under the name of Hilles, Boyd & Company, and sold the coal mentioned in the evidence to Henry C. Ullrich, and that at the time of such sales the said Ullrich knew that he was insolvent, and had no reasonable expectation of paying for the same, and that the plaintiffs hold in their possession the notes mentioned in the evidence, and tendered the return of the same at the trial table, and produced the same, then the plaintiffs are entitled to recover.

2. That if the jury shall find the facts set forth in their first prayer, and also that at the time this suit was instituted, there was in the yards of the purchaser, Ullrich, a quantity of Lee coal, less than equivalent at the purchase price to the unpaid purchase money, and that said Ullrich had parted with more coal than the equivalent, at such price for the cash paid by him to the plaintiffs, then the fact that the plaintiffs did not tender to the defendant the amount so paid to them by him before instituting this suit, is no bar to their recovery.

The defendant offered seven prayers, the first of which was withdrawn and is therefore omitted.

2. That if at the time of purchasing the coal in question, Ullrich was grossly insolvent and knew himself to be so, and had been so for a long period of time previous, he was under no obligation to disclose such fact to plaintiffs, and that such failure to disclose on his part did not constitute the purchase fraudulent. And if Ullrich, at the time of purchasing, had a reasonable expectation based upon cash in hand, and assets under his control, and

moneys to be derived from the coal so purchased from the plaintiffs by a sale thereof, and from the sale of coal purchased from others, and all the resources within his reach, of being able to meet his engagements with plaintiffs at *their maturity,* that then the plaintiffs cannot recover, and that the jury are not to consider the question of his ability to meet *all* his obligations to other parties. *But in considering the question whether Ullrich had a reasonable expectation of being able to comply with the terms of his purchase, they may consider his indebtedness to others as affecting the reasonableness of such expectation.*

3. If the jury, from the evidence, find that the plaintiffs sold and delivered to H. C. Ullrich & Co., the coal as shown by their bill A, offered by plaintiffs in evidence, and the bills dated June 30th, 1876, thereto annexed, as proved by the witness, Neeson, and which is not denied by defendant, and shall find that on accounting said sales, the said Ullrich paid the plaintiffs the sum of $1144.17, appearing as a payment on said account, and gave the notes as mentioned, then the plaintiffs cannot recover in this action of replevin, any portion of the coal mentioned in the said Account A, being as shown by said account, 640 tons.

4. If the jury find the facts mentioned in the defendant's third prayer, and shall further find that the plaintiffs likewise sold to said Ullrich, the 387 tons of coal mentioned in the Account B, which defendant admits to be true; and if the jury shall further find that the coal mentioned in Account B was so mingled and mixed after its delivery to Ullrich, in the yard of said Ullrich, that coal mentioned in Account B, could not be separated and identified specifically, then plaintiffs cannot recover in this action of replevin under the pleadings, the coal mentioned in Account B, and their verdict must, for such coal, be for defendant.

Peters *vs.* Hilles and Boyd.

5. If the jury find from the evidence the sale and delivery of the coal by the plaintiffs to Ullrich, as set forth in the account marked "B," and shall further find that the plaintiffs had, prior to the bringing of this suit, received of the moneys of the said Ullrich, the sum of one hundred and sixty dollars, for which said Ullrich was entitled to a credit on said account, as testified by the witness Neeson, then the plaintiffs cannot maintain this suit for the coal mentioned in the said Account B; because they did not return or offer to return said sum of money before the institution of this action.

6. That under the pleadings and evidence in this case, if the jury find for the plaintiffs, they are not at liberty to find for the plaintiffs less than the whole 675 tons replevied, unless they shall find that the plaintiffs are entitled to a less number of tons, and then they shall find for such number of tons.

7. That the plaintiffs are not entitled to go into any questions of debit and credit as between the plaintiffs and Ullrich, and that the plaintiffs have not the right to apply the payment of $1144 to any specific part of the coal mentioned in the Account A, but that in point of law, said payment affects alike all the coal mentioned in said bill.

The Court, (DOBBIN, J.) granted the prayers of the plaintiffs, and refused the second prayer of the defendant as offered, but granted it with the addition contained in the last sentence, and granted his sixth prayer, and refused his third, fourth, fifth and seventh prayers. To the rejection of his third, fourth, fifth and seventh prayers the defendant excepted, as also to the granting of the plaintiffs' prayers. The jury rendered a verdict for the plaintiffs and judgment was entered accordingly.

The defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, MILLER and ROBINSON, J.

*B. C. Barroll,* for the appellant.

The vendors of the coal had no legal right to affirm their sales to Ullrich for a part of the coal, and appropriate to such portion the cash payment, because such payment was received by plaintiffs, on account of the entire sale and delivery, set forth in their account rendered 30th June, 1876.

While the plaintiffs kept the cash payment $1144.17, it was an affirmance of the entire contract on which the payment was made.

The right of the plaintiffs to elect to annul the contracts of coal sold and delivered to Ullrich, was wholly irrespective of the question of how much of the said coal remained in the possession of Ullrich, or his assignee, Peters.

Preliminary to the annulling of said contracts, so as to divest the inchoate title of Ullrich, the plaintiffs were bound to return the money received, and the notes taken in settlement.

It is not pretended by the appellant that the plaintiffs have not some equities which appeal to a jury. But the record also discloses the fact that Ullrich had made an assignment for the benefit of creditors. Plaintiffs ought to have sought their remedy under such assignment. By adopting replevin, a strictly legal remedy, they are limited to the rights of a party under such an action—they must disaffirm the contract *in toto.* *Dellone, et al. vs. Hull,* 47 *Md.,* 112 ; *Morrison on Replevin,* 47, 81 ; 8 *Metcalf,* 552.

*William A. Fisher,* for the appellees.

The Court fully submitted to the jury, (by the first prayer of the plaintiffs, and the second of the defendant,) the questions whether Ullrich was insolvent at the times of the purchases, and whether he knew that he was insolvent, and whether he had any reasonable expectation of paying for the coal purchased.

The finding of enumerated facts in favor of the plaintiffs, established the fact that the title had not passed.

*Powell,* et al. *vs. Bradlee & Co.,* 9 *Gill & Johns.,* 220; *Hawse vs. Crow,* 21 *Eng. Com. L. Rep.,* 477; *O'Brien,* et al. *vs. Norris,* et al., 16 *Md.,* 132.

If the facts were so found by the jury, that the purchases were fraudulent, is a conclusion of law. *Ibid.*

The sales having been fraudulent, and passing no title to the coal, the acceptance of the notes, in the absence of knowledge by the plaintiffs' agent, of the real state of the facts, can constitute no waiver of any rights of the plaintiffs.

Ullrich commingled all the coal in his yard, and sold out of it a quantity of coal, more than equal, at the purchase price, to the cash payment made by him. He paid in cash $1144.17. He sold about 354 tons. The lowest price paid by him for any of the coal was $3.70 per ton for one small lot—the other all being higher in price; but even at the rate of $3.70 per ton, the cost price of what Ullrich sold was more than $1300. The payment of the cash by Ullrich does not affect the rights of the plaintiffs under the circumstances.

The correct position is, that the sales being void, Ullrich had in possession the coal, as the property of the plaintiffs, and was entitled to have the money repaid him, when the plaintiffs obtained *all* their coal. He sold the plaintiffs' property to an amount more than equal to the cash in their hands, and the plaintiffs were entitled unconditionally to the return of the residue of their coal.

STEWART, J., delivered the opinion of the Court.

Under a contract of purchase, Henry C. Ullrich received from the appellees a quantity of coal. The appellees treating the purchase as fraudulent and void, and that no title to the coal had passed from them, (*Powell,* et al. *vs. Bradlee & Co.,* 9 *G. & J.,* 278,) brought this action of replevin for the remainder of the coal, unsold by Ullrich, against the appellant, to whom Ullrich had assigned all his property for the benefit of his creditors.

Exceptions were taken to the granting of the plaintiffs', and the refusal of the defendant's prayers.

The exception to the plaintiffs' first prayer was abandoned, and the defendant's first prayer was withdrawn.

The second prayer of the plaintiffs, and the third, fourth, fifth and seventh prayers of the defendant, substantially involve the question, whether the plaintiffs, upon the rescinding of the contract for the sale of the coal, under the circumstances disclosed, were obliged not only to return the notes that had been given for the same, but the money advanced by Ullrich in part payment for the coal contracted to be sold to him, if he had received on the sales of the coal made by him, an equivalent amount of money.

If no title to the coal had passed to Ullrich, any of the same in his possession, and any money received by him on sales of the coal belonged to the plaintiffs. Thus having the plaintiffs' funds in his hands, from the sales of the coal, equal to what the plaintiffs had received from him, that constituted a sufficient re-imbursement for the money advanced.

Holding such funds of the plaintiffs in his hands, he is estopped from claiming the return of the money, paid by him, upon the cancellation of the contract.

There was no error in the Superior Court, granting the appellees' second prayer, and refusing the aforesaid prayers of the appellant.

The modification by the Court of the defendant's second prayer, was unobjectionable.

The whole question of Ullrich's reasonable expectation of being able to comply with the terms of his purchase, at the time of the contract, was left to the determination of the jury ; and his general indebtedness was a matter that might very properly be considered by them in the solution of the inquiry.

*Judgment affirmed.*

(Decided 2nd May, 1878.)