SINGER, Appellant, vs. SCHILLING, Respondent.

*September 6 — September 24, 1889.*

*Sale of chattels: Fraud: Replevin: Affirmance of sale: Voluntary assignment: Title of assignee.*

1. By a fraud upon the vendor goods were obtained upon credit, and the vendee, after selling a part thereof, made an assignment for the benefit of creditors. The vendor replevied that part of the goods which came to the hands of the assignee, and afterwards brought an action for the conversion of the part which had been previously sold. In the latter action, to enable him to garnishee the assignee, the vendor waived the tort. He also filed a claim with the assignee for the value of the goods sold previous to the assignment. *Held,* that by none of these acts did the vendor affirm the original sale and so lose the right to recover in the action of replevin.

2. Where a sale of goods is induced by the vendee's fraud, his assignee for the benefit of creditors cannot hold them as against the vendor.

APPEAL from the Circuit Court for *Milwaukee* County.

Replevin. The answer alleges ownership by the defendant as assignee of one Carl W. Elgeti. The goods in question had been sold by the plaintiff on credit to Elgeti, and the evidence on the trial tended to show that the sale had been induced by the fraudulent representations of the latter as to his financial standing. Other facts will sufficiently appear from the opinion. The trial court directed a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *C. H. Hamilton*, attorney, and *Turner & Timlin*, of counsel, and oral argument by *W. H. Timlin*.

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*.

Cole, C. J. The right of a vendor of goods procured by fraud to rescind the sale and reclaim such goods is too well settled to admit of controversy. Indeed that right is not questioned in this case. But it is said if a defrauded vendor elects to rescind the sale upon discovering the fraud, he must disaffirm the entire contract; he cannot affirm in part and disaffirm in part. The correctness of this proposition cannot be questioned. The inquiry remains whether the evidence in the case shows that the plaintiff has done anything by which he has lost his right to maintain this action, which is brought to recover the goods sold. On the trial, the court below directed a verdict for the defendant, presumably on the ground that the evidence showed that the plaintiff had waived the tort or affirmed the contract of sale. One or two facts are relied on to sustain the correctness of this ruling. It appears that only a portion of the goods was seized on this writ; the other portion having been disposed of prior to bringing this suit. It further appears that after this suit was instituted an action for conversion

.of the goods not replevied was brought, and that in the complaint in the latter suit, in order to enable the plaintiff to garnishee the defendant herein, a clause was inserted waiving the tort for the conversion. We do not think the action for the conversion of the goods not replevied should destroy the plaintiff's right to maintain this suit for the goods that were seized on the writ. The bringing of the action of trover was in no sense an affirmance of the original contract of sale, but proceeded on the ground that the plaintiff was the owner of the goods converted. It is true that for the purpose of garnishing the defendant in the trover suit the tort for the conversion was waived. It is familiar doctrine, where goods are tortiously converted, that the owner may waive the tort and sue in *assumpsit* for their value. That is what the plaintiff did in the trover suit. In the first instance, he made an effort in this replevin suit to reclaim all the goods sold, but was unsuccessful as to a portion. Now, by what act or fact does he lose the right to recover the portion which he seized on the writ? We are unable to perceive any principle of law which destroys that right, growing out of the subsequent action for the value of the goods not found.

But there is a further fact relied on to show that the plaintiff cannot recover the goods taken in this action. The vendee made an assignment of his property to the defendant, for the benefit of his creditors. It appears that the plaintiff filed a claim for the balance of the goods not replevied with the assignee. But it is not perceived how that fact debars or destroys his right to recover in this suit the goods taken. It is not correct to assume from that fact that the plaintiff is pursuing different and inconsistent remedies at the same time, or treating the sale as valid for one purpose and void for another. He is endeavoring to recover his property, which has been obtained from him by fraud, and it is said he has lost his right to recover his property

taken in this action because he has sought to obtain from the assignee the value of the remainder. But that is no obstacle to his recovery. In *Farwell v. Myers*, 59 Mich. 179, the vendors attempted to rescind the sale for fraud, and the vendee had made an assignment admitted to be valid. The following extract from the opinion of the court discloses the ground upon which the case was decided. The court say: "Early in the proceedings, immediately after the assignment, the plaintiffs elected to rescind the sale of the goods, and brought replevin for the same on the theory that the fraud of the defendant had vitiated the .sale, and that the goods belonged to them as if no sale had ever been made. After thus solemnly electing their remedy and proceeding through a trial to judgment upon the theory that they owned the goods, because they failed to get adequate relief in such suit they cannot be allowed, a year afterwards, to come into court and base a claim upon the incon- sistent idea that the goods were sold to defendant. One theory is totally at variance with the other. If one elects between two inconsistent remedies, the right to pursue the other is forever lost." In that case CAMPBELL, C. J., dissented, holding that the plaintiffs, by replevying part of the goods which were fraudulently obtained from them by the defendant, did not thereby lose the right to pursue him for the balance in an action of *assumpsit*. In *Powers v. Benedict*, 88 N. Y. 605, the court decides that a " vendor of goods, the sale and delivery of which were induced by fraud on the part of the vendee, does not, by an effort to retake the entire property, which is successful in part only, lose the right to pursue the vendee for the value of the unfound portion; nor is the effort a defense to an action to recover possession against one in whose hands a part is found." The facts in the above cases are dissimilar from those involved in the case at bar. Here the trial court must have considered that the commencement of the action in trover for the price

of the goods not replevied, or the presentation of the claim to the assignee for the value of the remainder, amounted to a ratification of the contract of sale, and waived the right to rescind. We do not concur in the view that either act had that effect.

The plaintiff claimed and attempted to prove that he was induced to make the sale by the fraudulent representations of the vendee as to his financial ability. On the other side, it was attempted to be shown that the vendor did not rely upon any representations made by the purchaser, but sought from other sources information as to his financial standing, and acted upon the information which he thus obtained. It is very plain that the question whether or not the vendor in making the sale relied on the false statements of the vendee was one which should have been submitted to the jury. It was error to withdraw the case, in view of that material fact, where there was a conflict of testimony upon it.

There was considerable discussion whether the assignment made was valid for want of a proper bond. For the purpose of this appeal we assume that it was valid. But it is obvious that so far as the vendor is concerned it makes no difference whether the assignee took a good title by the assignment or not; for if the vendee had no title to the property he could convey none to the assignee. And if the goods not replevied could be found in the possession of the assignee, the latter could not hold them as against the plaintiff if the sale was induced by fraud on the part of the vendee.

It follows from these views that the judgment of the circuit court must be reversed and a new trial ordered.

*By the Court.*— It is so ordered.