## JENKINS v. THOMASON.

1. If a complaint purports to contain two causes of action, one of which is well stated, but the other does not state facts sufficient to constitute a cause of action, a demurrer for misjoinder of causes of action will not lie ; and, therefore, it follows that such a demurrer will not lie where neither cause of action is well stated.
2. Where a complaint states that lands held in common had been sold without the knowledge of this plaintiff, under decree in a former cause in which she was ignorantly named as a party plaintiff, and had been purchased by these defendants at an under-value, by means of a chilling of bids by them, and then resold by them at a greatly advanced price—if the facts stated were not sufficient to entitle plaintiff to a judgment for partition, or for rescission of the sale, as demanded in her complaint, they did sufficiently state a cause of action for the recovery of the profit realized on the resale.

Before ALDRICH, J., Laurens, September, 1889.

The opinion states the case.

*Mr. L. W. Simkins,* for plaintiff, appellant.

*Mr. F. P. McGowan,* for the infant defendants, appellants.

*Mr. W. D. Mayfield,* contra.

March 8, 1890.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   As the questions presented by this appeal arise upon a demurrer, it will be necessary to make a con-densed statement of the allegations of the complaint, which are as follows: (1) That N. M. E. Jenkins, now deceased, and her four brothers (D. Austin Thomason, W. C. Thomason, B. C. Thoma-son, and F. B. Thomason), were tenants in common of two tracts of land—one containing about 32 acres, and the other about 100 acres; each being entitled to one undivided fifth part thereof. (2) That N. M. E. Jenkins departed this life intestate in June, 1889, leaving as her only heirs at law her husband, the plaintiff herein, and her two minor children, Nora May Jenkins and Bes-sie Lee Jenkins, defendants herein. (3) That in December, 1882, the said F. B. Thomason departed this life, leaving a will, where-by his interest in said lands became vested in his widow, the defendant, Alice Thomason, and his four children, the defendants, E. D. Thomason, Nina Lee Thomason, Anna May Thomason, and F. C. Thomason.   (4) That some time in the year 1889 the said W. C. Thomason died, leaving a will, whereby his interest in said lands passed to the children of his deceased brother, F. B. Thomason, above named.   (5) That the heirs at law of said N. M. E. Jenkins desire to enjoy in severalty their interests in said lands.   (6) That in the year 1886, prior to the death of the said N. M. E. Jenkins, an action was commenced in this court, pur-porting to be on behalf of B. C. Thomason, W. C. Thomason, J. W. Kellett, Thomas Owens, and said N. M. E. Jenkins, against the other parties in interest, setting forth that said Kellett had agreed to pay $416 for the 32-acre tract, and said Owens was willing to pay $1,000 for the 100-acre tract, and asking that these sales be confirmed by the court, but that, as matter of fact, the name of said N. M. E. Jenkins was used in that proceeding with-out her knowledge or consent; and, on information and belief, the allegation is, that her name was inserted as plaintiff by her three brothers then surviving.   (7) This allegation is really not material.   (8) That all the proceedings in the case thus instituted were shaped and carried through by the brothers of said N. M. E. Jenkins, without her knowledge or consent.   (9) That on the 26th February, 1888, a decree was rendered in said cause, con-

firming said contracts with Kellett and Owens, and directing the master to make titles to them upon the payment of the purchase money. (10) That Kellett and Owens having failed to comply with the terms of their contracts, a supplemental decree was made in said cause on 22d September, 1888, directing the master to sell said lands at public outcry on salesday in November, 1888, unless the said Kellett and Owens complied within 10 days after they were served with a copy of said decree. (11) That in the meantime, however, to wit, in January, 1888, there were negotiations between said D. A. Thomason and the other adult tenants in common with the defendant, DuPre, whereby he agreed to purchase the 100 acre tract for the sum of $1,050, and the necessary steps were to be taken to procure titles to be made to him ; and, with that understanding, DuPre went into possession of said tract in January, 1888. (12) That just before the sale directed to be made by the master in November, 1888, there was an understanding had with said D. A. Thomason, then unknown to said N. M. E. Jenkins, by which said DuPre was, immediately after the master's sale, to consummate the trade above mentioned for the 100-acre tract, and the defendant, Hunter, was to take the 32-acre tract at $320. (13) That the attorneys for plaintiffs in that case instructed the said D. A. Thomason to attend the sale for the purpose of protecting the interests of all the co tenants, especially with regard to the carrying out the understanding with DuPre and Hunter. (14) That in consequence of that understanding, and of the fact that it was generally known on the day of sale that the lands were already virtually sold, and that the master's sale was merely to perfect the titles, the bidding was chilled to such an extent that the 100-acre tract was bid off by D. A. Thomason for the inconsiderable sum of $180, and the 32-acre tract was bid off by him for $280 ; and he, having complied with the terms of the sale, took titles for both tracts from the master in his own name ; and on the same day conveyed the 100-acre tract to said DuPre in consideration of the sum of $1,050, and at the same time conveyed to said Hunter the 32-acre tract in consideration of the sum of $320, receiving from them part cash, and the balance secured by notes and mortgages. (15) That the defendant, D. A. Thomason, notwithstanding the circumstances under which

the sales were made to DuPre and Hunter, failed and refused to allow the said N. M. E. Jenkins in her life time, and still fails and refuses to allow her said heirs at law, to share in the prices agreed to be paid by said DuPre and Hunter; but, instead thereof, refers them to the master for their interest in his bids at the master's sale. (16) That the said N. M. E. Jenkins, at the time of the commencement of the above mentioned action, and at the time of the master's sale, resided in Greenville County, and that said . D. A. Thomason kept from her all knowledge of the proceedings in said action, and of said sales, and that she and the plaintiff herein knew nothing of said sales until a considerable time thereafter, and that said sales have not divested her interests in said lands.

Wherefore the plaintiff demands judgment, *first*, that said lands be sold, and one fifth of the proceeds of such sale be paid to the heirs of said N. M. E. Jenkins; or, *second*, that said D. A. Thomason be required to pay to the heirs of the said N. M. E. Jenkins one-fifth of the consideration for which said lands were sold by him to said DuPre and Hunter, and that the notes and mortgages given by them to said D. A. Thomason, to secure the credit portions of such sales, stand as security for the payment of the shares of the heirs of said N. M. E. Jenkins, and that said DuPre and Hunter be enjoined from paying to the said D. A. Thomason or his assigns anything thereon, and that said D. A. Thomason be enjoined from collecting the same; *third*, for such other and further relief as may be just under the circumstances of this case.

To this complaint the defendants, Nora May Jenkins and Bessie Lee Jenkins, by their guardian *ad litem*, put in a formal answer, submitting their rights to the protection of the court; and the other defendants interposed a demurrer upon the several grounds set out in the "Case," of which only the fourth and fifth need be stated, which are as follows: (4) Because several causes of action are improperly united; (5) Because the complaint does not state facts sufficient to constitute a cause of action. At the hearing below, the demurrer was sustained upon the two grounds just set out, and an order was granted, dismissing the complaint with costs. From this judgment the plaintiff and the defendants,

Nora May Jenkins and Bessie Lee Jenkins, appeal upon the grounds, that there was error in holding that several causes of action were improperly united in the complaint, and in holding that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff also alleges error in allowing $10 costs on the demurrer.

It seems to us that the judgment appealed from is inconsistent in its terms. If the complaint fails to state facts sufficient to constitute a cause of action, we do not see how it is possible for it to be amenable to the objection, that there is a misjoinder of causes of action. To sustain a demurrer upon that ground, it is necessary that the complaint shall show on its face that at least two causes of action, which cannot properly be united, are sufficiently stated therein. If one of them is well stated, and the other is not, then the complaint really contains only one cause of action, and the attempt at stating the other constitutes no misjoinder; for such attempt amounts to nothing, and is wholly disregarded. As is said in Pomeroy on Remedies, § 448 : "To sustain a demurrer for this reason, however, the complaint must contain two or more good grounds of suit which cannot properly be joined in the same action. When a complaint, therefore, consists of two or more counts, and one sets forth a good cause of action, and another does not, although it attempts to do so, the pleading is not demurrable on the ground of a misjoinder, even though the causes of action could not have been united had they been sufficiently and properly alleged." From this, it follows necessarily that a complaint which sets forth no cause of action at all cannot be amenable to a demurrer for misjoinder of causes of action.

Conceding, then, for the purpose of this inquiry, that the facts stated in the complaint are not sufficient to constitute a cause of action for partition of the land; and, further, that they are not sufficient to warrant a judgment setting aside the decree for the sale of the lands, the question still remains, whether the facts stated in the complaint are not sufficient to constitute some other cause of action; for the question, under a demurrer based upon the ground, that the facts stated are not sufficient to constitute a cause of action, always is, not whether they are sufficient to sustain some particular cause of action, but whether they are suffi-

cient to sustain any cause of action. Now, it seems to us, that if the facts stated in the complaint are true—and under the demurrer they must be so regarded—then a case has been stated which entitles the plaintiff and the other heirs of N. M. E. Jenkins to a decree, that the defendant, D. A. Thomason, shall account for the profit which he has made on the resale of the lands to DuPre and Hunter. If that defendant, under an order for a sale made in a case to which his sister was not really, though nominally, a party, has, by chilling the biddings at such sale, been enabled to buy the land at a sacrifice, and has immediately resold the same at a very considerable profit, equity will not allow him to retain such profit to himself, but will require him to account for the same. It seems to us, therefore, that the Circuit Judge erred in sustaining the demurrer on the fifth as well as on the fourth ground.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded for such further proceedings as may be necessary.