\* TIMOTHY C. SMITH *v.* JOSEPH PURMORT'S ADMRS.

*Pleadings. Statute of limitations. Promise of deceased person. No recovery on promise to administrator upon appeal from commissioners.*

1. A plea to the whole declaration which is insufficient as to any one count, is defective upon general demurrer.
2. Where the promise of a deceased person is declared upon, a plea that the cause of action did not accrue within six years before the commencement of the suit is insufficient.
3. Upon an appeal from the allowance of commissioners the plaintiff cannot join a count upon the promise of the administrator with counts upon the promise of the intestate.
4. A promise of payment will only be implied from the admission of ,an indebtedness, when there is an unequivocal recognition of the claim as a valid and subsisting debt.

This was an appeal from the order of the Probate Court accepting the report of commissioners for the allowance of claims against the estate of Joseph Purmort, and was heard at the September term, 1889, Tyler, J., presiding, upon general demurrer to the defendant's plea of the statute of limitations. The demurrer was overruled, and the plaintiff excepted.

The plaintiff's 3rd count was as follows:

"And now comes the said plaintiff and further declares against the said defendants, in a plea of the case for that the said Joseph Purmort, deceased, in his lifetime, to wit, at Middlebury, in the County of Addison, on the 18th day of July, 1876, in consideration of a large sum of money, to wit, the sum of five thousand dollars then due and owing by him to the plaintiff, then and there signed and delivered to the plaintiff an instrument in writing in the words and figures following, that is to say:

\* Heard at January Term, 1890.

Smith *v.* Purmort's Admrs.

Middlebury, Vt., June 23d, 1870.

I hereby acknowledge that I have this day been notified that Timothy C. Smith holds the following described notes as his property, viz.—nine notes amounting to eleven thousand dollars, dated New Haven, March 4th, 1869, signed by Alexis T. Smith and Joseph Purmort, jointly and severally, payable to Oliver W. and Caroline H. Eaton, or bearer, with interest annually after the first day of April, 1869. Seven of the said notes being for the sum of one thousand dollars each, and payable respectively on or before the first day of April, 1873, 1874, 1875, 1876, 1877, 1878 and 1879, and two of the above mentioned nine notes, being for two thousand dollars each, and payable respectively on the first day of April, 1880, and 1881.

All of the above mentioned notes are secured by a mortgage deed executed by Alexis T. Smith and Joseph Purmort on the farm in Monkton and New Haven formerly deeded to said Alexis T. Smith and Joseph Purmort by said Oliver W. and Caroline H. Eaton, containing about five hundred and fifty acres more or less. Notified July 18 - - - 76 : Which said instrument was signed by the said Joseph Purmort in the presence of an attesting witness, to wit, one J. R. Nash, who then and there subscribed his name to said instrument as a witness thereto : Whereby the said Joseph Purmort became liable to pay the plaintiff the contents of all the said promissory notes mentioned and described in said instrument, and then and there, in consideration thereof, promised the plaintiff to pay him the contents of said several notes according to the tenor thereof. Nevertheless the said Joseph Purmort, in his lifetime, did not pay the said notes, nor have his said administrators since his decease paid the same, but on the contrary thereof, four of said notes, to wit, those falling due on the first days of April, 1877, 1878 and 1879, for one thousand dollars each, and the one falling due on the first day of April, 1880, for two thousand dollars, with a large amount of interest due on each of said notes are now due, outstanding and unpaid."

*Bliss & Royce,* for the plaintiff.

The defendants' plea alleging that the cause of action did not accrue within six years, is bad.

*Hapgood* v. *Southgate,* 21 Vt. 584; *Briggs* v. *Thomas,* 32 Vt. 176; R. L. s. 972; *Stearns* v. *Stearns,* 32 Vt. 682; *Russell* v. *Stearns,* 20 Vt. 53; *Dane* v. *McClure,* 39 Vt. 197; Ang.

Lim. s. 285; *Aldrich* v. *Williams*, 12 Vt. 413; *Stearns* v. *Stearns*, 32 Vt. 678.

The written instrument declared upon in the third count is sufficient to bind the intestate. It is an acknowledgment of the debt from which a promise will be implied.

Ang. Lim. ss. 208, 209; *Bell* v. *Morrison*, 1 Pet. 351; *Brigham* v. *Hutchins*, 27 Vt. 569; *Bliss* v. *Allard*, 49 Vt. 350; *Chapin* v. *Warden*, 15 Vt. 560; *Walsh* v. *Mayer*, 111 U. S. 31; *Mastin* v. *Branham*, 1 West. Rep. 744.

*Edson & Edson*, for the defendants.

. . The plea that the cause of action did not accrue within six years is always a good answer to a suit in assumpsit, unless the plaintiff's declaration shows that the case falls within some exception to the rule.

Busw. Lim. s. 381; Ang. Lim. ss. 292-3; 7 Wait, Act. & Def. 309; *Briggs* v. *Thomas' Est.*, 32 Vt. 176.

The first and third counts of the plaintiff's declaration are bad upon general demurrer.

The opinion of the court was delivered by

MUNSON, J. The declaration contains three counts; the first declaring upon a promise of the administrators, and the second and third upon promises of the deceased. The defendants plead that the several causes of action did not accrue within six years before the commencement of the suit. To this the plaintiff demurs.

The plea is sufficient as to the first count, but is insufficient as to the second and third. When the promise of a deceased person is declared upon, a plea that the cause of action did not accrue within six years before the commencement of the suit is not sufficient. R. L. 972. The plea, as regards the last two counts, may be true, and still the cause of action not be barred. As the plea assumes to answer all the counts and fails to do so,

it is insufficient and demurrable. 1 Chit. Plead. 546 .524; *Hathaway* v. *Rice,* 19 Vt. 102.

But it is said the first and third counts are insufficient. It is unnecessary to consider the several. points urged against the sufficiency of the first count, regarded as a separate count. The count is improperly joined with the other counts of the declaration. This is an appeal from the disallowance of a claim presented to the commissioners on the estate of Joseph Purmort. When a claimant appeals from the decision of commissioners he is required to file in the Probate Court a declaration setting forth his claim. Upon entering his appeal in the County Court he is to file in that court a certified copy of such declaration. Upon the filing of such certified copy the County Court is to try the question, and the final decision thereon is to be certified to the Probate Court, where the same proceedings are to be afterwards had as though the decision had been made in that court. R. L. 2272, 2278, 2279, 2283. The decision so certified back is a judgment against the estate of the deceased, to be satisfied from the estate as are other claims allowed against it. It is obvious that a count declaring upon a personal promise of the administrators cannot be made a part of the declaration required in these proceedings. The declaration is insufficient upon general demurrer because of this misjoinder. 1 Chit. Plead 205.

In the County Court the claimant was permitted to file a new count, which is the same before referred to as the third count. The defendants moved to dismiss this count as being for a different cause of action, and excepted to the judgment of the court overruling their motion. The defendants' exceptions are not now before us, but the sufficiency of the count is brought in question by the demurrer ; and without entering upon the question of misjoinder, we hold the count insufficient in that it shows no cause of action.

This count declares upon a certain writing executed by the deceased, by which it is claimed he became liable to pay the

plaintiff the contents of the notes therein described according to their tenor. The plaintiff concedes that this instrument cannot be held sufficient to support an action, unless in an action upon the notes themselves it would be considered such a recognition of them that a promise to pay them would be implied. We think the insufficiency of the count is apparent from this test. The writing purports to be an acknowledgment that the signer has received notice that certain notes therein described are held by the person to whom the writing is given. It is true that the notes are spoken of as secured by a mortgage executed by the signer of the writing, but this is evidently by way of further designation of the notes covered by the notice. This cannot be considered an unequivocal recognition of the notes as a valid and subsisting indebtedness. It is only from such a recognition that a promise of payment will be implied. *Hunter* v. *Kittredge's* Est., 41 Vt. 359.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient, and cause remanded.*