The Peninsular Stove Company v. Ellis, Assignee.

---

THE PENINSULAR STOVE COMPANY *v.* ELLIS, ASSIGNEE, ET AL.

[No. 2,517.   Filed June 28, 1898.]

REPLEVIN.—*Possession.*—*Special Verdict.*—Where the special verdict shows that defendants were not in possession of the property in question a judgment thereon in replevin is unwarranted.  *p. 493.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Conversion.*—An assignee for the benefit of creditors is not a purchaser for value as against a defrauded seller of the goods assigned, and the refusal of the assignee to surrender the goods to the seller amounts to a conversion.  *p. 495.*

SAME.—*Fraud.*—*Conversion.*—*Sales.*— A purchase of goods by one who at the time of the purchase knew he was not able to pay for them, and intended not to pay for them, is such a fraud as will entitle the vendor to avoid the sale, although there was no fraudulent representation made, and an assignment of such goods for the benefit of creditors amounts to a conversion.  *pp. 495, 496.*

From the Steuben Circuit Court.   *Reversed.*

*Sol. A. Wood*, for appellant.

*Brown & Davis, Frank M. Powers* and *W. G. Coxton*, for appellees.

COMSTOCK, J.—The complaint is in two paragraphs. The first in replevin; the second for conversion.   The cause was put at issue, submitted to a jury, and upon

proper request, a special verdict returned.    No ques-
tion is presented on the pleadings.

On the special verdict the court rendered judgment
in favor of plaintiff against appellee Snyder for
the possession of the property, and overruled its mo-
tion as against the other appellees, and rendered judg-
ment in favor of defendants Russell, Croxton and
Wickwire for the return of the property, or upon fail-
ure of plaintiff to return the property,—judgment for
$231.00, the amount found by the jury to be the value
thereof, and that they recover of the plaintiff their
costs.    Plaintiff moved to modify the judgment so as
to make the same in its favor as against Croxton, Rus-
sell and Wickwire against Snyder for the value of the
property converted by him, and for all costs in the
cause, which motion the court overruled.

The assignment of errors challenges the action of
the court in overruling the  motion for judgment
against the several appellees, and its motion to modify
the judgment, and in rendering judgment in favor of
appellees on the special verdict.    The special verdict
shows that appellee, at the time of ordering the goods
in controversy, was and had been for years, in busi-
ness as a retail dealer in stoves and hardware; that on
the 9th of April, 1894, he ordered the goods of plain-
tiff's agent for the purpose of selling them at retail;
that they were delivered August 15, and placed in
his store as a part of his stock.    On September 3, 1894,
appellees Russell, Croxton, and  Wickwire, being
among his *bona fide* creditors to the amount of
$2,999.03, he executed to them a chattel mortgage
upon his merchandise, including stoves purchased and
received of plaintiffs, to  secure  said indebtedness,
which was evidenced by promissory notes.    When de-
defendant Snyder purchased the goods of plaintiff, he
was insolvent, and was not able, and intended not to

pay for them. On September 5, he made a deed of assignment, conveying all his property to appellee Ellis, assignee, for the benefit of his creditors. Ellis, assignee, was afterwards succeeded by Gates, appellee, as assignee. Snyder's indebtedness, aside from that provided for by said mortgage, was $8,576.29. At the time said appellees, Russell, Croxton,and Wickwire received said mortgage, they had no knowledge or notice that said Snyder had purchased said goods with the fraudulent intent of not paying for them. Plaintiff's agent demanded of each of the defendants the goods in controversy before the commencement of this suit. It does not appear from the special verdict that there was any disaffirmance of the sale, or any claim of fraud made prior to the execution of the mortgage and the deed of assignment.

By his deed of assignment for the benefit of his creditors, Snyder had devested himself of all title to the property. He was not, at the time of the commencement of this action, in possession thereof, nor claiming title thereto, nor were either of the appellees, nor were they or either of them detaining the same so far as appears from the special verdict, and in a special verdict nothing is taken by intendment. A judgment in favor of appellant in replevin would not, therefore, have been warranted by the findings of the jury. It remains to be determined whether it was entitled to judgment for conversion.

Benjamin on Principles of Sales, at page 107, states the following to be the rule of law applicable to fraudulent sales: "When a person obtains possession of goods, with the intention by the owner to transfer to him both the property and possession, although the buyer has made a false and fraudulent representation in order to effect the contract or obtain the possession, the property vests in him as buyer until the defrauded

owner has done some act to disaffirm the transaction: and the legal consequence is, that if before the disaffirmance the fraudulent buyer has transferred, either the whole or a partial interest in the goods to an innocent transferee for value, the title of said transferee is good against the defrauded owner." See authorities cited on same page. In *Thompson* v. *Peck*, 115 Ind. 516, our Supreme Court by Mitchell, J., said: "It is well settled that even though a sale of property be induced by fraud, the contract is not void, but only voidable. The title to the property passes to the fraudulent vendee, subject to the right of the vendor, upon discovering the fraud, to elect whether he will rescind the contract by returning, or offering to return, whatever of value he may have received, and reclaim his property, or whether he will retain the consideration and treat the bargain as subsisting. Until the vendor makes his election the contract continues and the title of the property remains in the purchaser as against all the world. *Powers* v. *Benedict*, 88 N. Y. 605."

In *Curme, Dunn & Co.* v. *Rauh*, 100 Ind. 251, the Supreme Court, by Mitchell, J., says: "But where there is an absolute sale and delivery of personal property by the owner to the vendee, and the sale is merely voidable on acount of fraud in the vendee, such vendee may transfer a good title by a sale made to a *bona fide* purchaser for value."

The special verdict shows that the goods in controversy were sold to appellee Snyder to be sold by him at retail, in the ordinary course of his business as a stove and hardware merchant; that the mortgagees had no knowledge of the facts attending the purchase of the goods, or the fraudulent intention with which they were purchased, and that the mortgage was executed to them for a valuable consideration, money

loaned after the purchase, and time of payment ex-tended on an antecedent debt. So that, if conversion had been a fact, in issue, the findings would not have established it. But the several demurrers filed by the mortgagees to the paragraph of conversion were sustained by the court, and as to them conversion was not an issue in the cause. It is clear, therefore, that it would have been error for the court to have rendered judgment against the mortgagees either in replevin or for conversion.

It remains only to determine the liability, upon the facts found by the special verdict, of the assignor and his assignee on the second paragraph of complaint. Had Snyder retained possession of the goods, and refused upon demand to surrender them to the seller, this sale being fraudulent, that refusal would have been a conversion. The assignee and assignor occupy the same relation with reference to the seller. A refusal upon the part of the assignor would also be a conversion. An assignee for the benefit of creditors is not a purchaser for value as against the defrauded owner. See Benjamin on Principles of Sales, p. 108; *Dugan* v. *Nichols*, 125 Mass. 43; *Nichols* v. *Michael*, 23 N. Y. 264; *Busing* v. *Rice*, 2 Cush. 48; *Donaldson* v. *Farwell*, 93 U. S. 631; *Ratcliffe* v. *Langston*, 18 Md. 383; *Yeatman* v. *Savings Inst.*, 95 U. S. 764; *Union Trust Co.* v. *Trumbull*, 137 Ill. 146, 179, 27 N. E. 24; *Farley* v. *Lincoln*, 51 N. H. 577; *Rogers* v. *Whitehouse*, 71 Me. 222; *Singer* v. *Schilling*, 74 Wis. 369, 43 N. W. 101.

The assignment was, therefore, as against the seller, and except as to *bona fide* purchasers for value, a conversion. Counsel for appellee argue that the alleged fraudulent representation, artifice, and concealments, which the jury found constituted the fraud which in-

duced appellant to make the sale, were not such concealments or such representations as warrant the conclusion of fraudulent intent. But the jury found as a fact, which it was its province to do, that the vendee, at the time he purchased the goods, was not able to pay for them, knew that he was not able to pay for them, and intended not to pay for them.

In Benjamin on Sales (3rd ed.), note e, page 423, it is said: "It is settled in the American courts, by a vast weight of authority, that a purchase of goods by one who, at the time, intends not to pay for them, is such a fraud as will entitle the vendor to avoid the sale, although there were no fraudulent representations or false pretences." Citing *Barnard* v. *Campbell*, 65 Barb. 286; *King* v. *Phillipps*, 8 Bosw. 603; *Wiggin* v. *Day*, 9 Gray 97; *Peters* v. *Hilles*, 48 Md. 506; *Thompson* v. *Rose*, 16 Conn. 71, 81; *Talcott* v. *Henderson*, 31 Ohio St. 162; *Bidault* v. *Wales*, 19 Mo. 36; *Redington* v. *Roberts*, 25 Vt. 694; *Nichols* v. *Michael*, 23 N. Y. 264, and many other cases. So that upon the finding alone that appellee Snyder intended not to pay for the goods, the appellant had a right of action, either in replevin or for conversion. The special verdict is contradictory, indefinite, and uncertain. We have concluded that the ends of justice will be better subserved by a new trial than by a modification of the judgment.

The judgment is therefore reversed; with instructions to the trial court to retry the cause.