## HATZEL v. MOORE,

(Circuit Court, S. D. New York. January 6, 1903.)

**1. PARTNERSHIP—DEBTS OF FIRM—RELEASE OF PARTNER—ACTIONS—PARTIES.**

A complaint alleged that a firm consisting of defendant and W. was indebted to plaintiff's assignor, and that W. paid a certain sum in satisfaction of one-half of the debt, which was accepted in full satisfaction of all claims against W., and that defendant was liable for the balance. *Held*, that since Code Civ. Proc. N. Y. § 1942, permitting separate com-

position by joint debtors, expressly excludes partnership liabilities until after dissolution, under such allegations one-half of the debt was released as against both partners, and both were liable for the balance, and hence an action could not be maintained against defendant alone.

**2. SAME—PARTNERSHIP AND INDIVIDUAL CAUSES—JOINDER.**

Where partnership and individual causes of action were joined in the same complaint, but a demurrer was sustained to the count charging a cause of action against the firm, the complaint was good as to the other.

Henry F. Lippold, for plaintiff.

Philip B. Adams, for defendant.

WHEELER, District Judge. The complaint sets up for a first cause of action a partnership liability of the defendant and one Frederick C. Whitney for $2,403.94 to a lithographing company, assignor to the plaintiff, on which Whitney paid to that company "the sum of eight hundred and fifty dollars, in full satisfaction and discharge of one-half thereof, which the said company then and there accepted and received of and from the said Whitney in full satisfaction and discharge of all claim therefor, and right or cause of action thereon, against him, the said Whitney, alone, and released him alone from his liability upon said claims, and reserved all of its said company's rights, claims, demands, and cause of action therefor for the balance remaining due thereon, one thousand two hundred and one $^{97}/_{100}$ dollars, against the said defendant herein, Albert H. Moore, who accordingly thereupon remained indebted to the said lithographing company in that amount, prior to and at time of the assignment hereinafter alleged, with interest from March 13, 1897," and several individual notes of the defendant for a second cause of action.

The defendant has demurred to the first cause of action for nonjoinder of the other partner, and to the complaint for misjoinder of individual with partnership liabilities.

The state code of procedure allowing separate composition by joint debtors (section 1942) expressly excludes partnership liabilities until after dissolution, which is not alleged, and the first cause of action seems to be left as at common law. By that law, as understood, the discharge of all joint debtors is commensurate with that of any, and mere payment of a part of a debt is not a sufficient consideration for a release of the whole. According to that and the allegations here, half the debt is released as to both, and half remains against both, and the demurrer for nonjoinder, which is admitted to be a proper mode of reaching it here, must be sustained.

The joinder of partnership and individual causes of action in the same complaint would seem to be bad, if each separately would be good; but sustaining the demurrer to the partnership count eliminates that, and leaves the other cause of action by itself, single and good.

Demurrer to first cause of action sustained, and to complaint overruled.