CHARLES H. WETMORE'S ADMR. v. JAMES L. KARRICK.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Pleading—Demurrer—Misjoinder and Insufficiency—Waiver of Counts.*

Where a declaration consisted of three counts, to each of which defendant demurred for insufficiency, and also demurred to the whole declaration for misjoinder of counts, and the two counts improperly joined were adjudged insufficient, but the third count adjudged sufficient, the demurrer for misjoinder was properly overruled.

A misjoinder of counts is fatal because thereby two or more final judgments would be required in one action.

Plaintiff cannot waive counts in his declaration after it has been challenged by a demurrer for misjoinder of counts.

ASSUMPSIT. Heard in vacation after March Term, 1913, Chittenden County, by *Waterman, J.*, on demurrer to each of the three counts of the declaration for insufficiency, and to the whole declaration for misjoinder of counts. Demurrers to the first and second counts sustained, and those counts adjudged insufficient; demurrer to the third count overruled, and that count adjudged sufficient; demurrer for misjoinder overruled. The defendant excepted. The opinion states the case.

*H. S. Peck* for the defendant.

*Rufus E. Brown, Sherman R. Moulton,* and *John F. McKay* for the plaintiff.

POWERS, C. J.   This declaration contains three counts. Two are on sealed instruments; one is on a promissory note. The declaration is demurred to for misjoinder and each count is demurred to for insufficiency.   The court below sustained the demurrers to the first and second counts, but overruled the demurrer for misjoinder, and adjudged the third count sufficient.   The defendant excepted.   The questions raised as to the sufficiency of the third count are like those disposed of in *Trask, Admr.* v. *Karrick,* 87 Vt. 451, 80 Atl. 472, and need not here be discussed.   The question of misjoinder is for consideration.

It was said by this Court in *Smith* v. *Purmont's Estate,* 63 Vt. 378, 20 Atl. 928, that when there is a misjoinder, it is unnecessary to consider the sufficiency of the improper count taken as a separate pleading.   And this is the holding of some of the courts.   *Kent* v. *Long,* 8 Ala. 44; *Penter* v. *Straight,* (Wash.) 25 Pac. 469; *Dalson* v. *Bradberry,* 50 Ill. 82; *Witherbee* v. *Bowles,* 201 N. Y. 427, 95 N. E. 27.   On the other hand, there are those who say that it is only where the complaint states two or more good causes of action that a demurrer will lie for misjoinder.   *Boyd* v. *Mutual Fire Ins. Co.,* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, 96 Am. St. Rep. 948, 61 L. R. A. 918, and cases cited; *Jenkins* v. *Thomason,* 32 S. Car. 254; 10 S. E. 961; see, also, *Minneapolis, etc. Ry. Co.* v. *Brown,* 99 Minn. 384, 109 N. W. 817; *Hatzel* v. *Moore,* 120 Fed. 1015.

Without now saying which of these rules is a correct statement of the law, and notwithstanding *Penter* v. *Straight, supra,* to the contrary, we hold that where, as here, a defendant has, by his demurrer thereto, established the insufficiency of the counts improperly joined, thereby eliminating them as the basis of a judgment,—though they continue to be a part of the declaration, *Powers* v. *Rutland R. Co.,* 83 Vt. 415, 76 Atl. 110, —he can no longer be heard to say that there is a misjoinder. This is adopting the view of Judge Wheeler in *Hatzel* v. *Moore, supra:*   "The joinder of partnership and individual causes of action in the same complaint would seem to be bad, if each
12

separately would be good; but sustaining the demurrer to the partnership count eliminates that, and leaves the other cause of action by itself single and good.''

And this is the logic of it. The reason why a misjoinder is a fatal defect is because otherwise two or more final judgments of the same or different kinds in one action might be required; whereas the law allows but one. Gould Pl. IV, 97. When the demurrers to the first and second counts were sustained, this danger was averted, for these counts could not thereafter be made the basis of a judgment, *Peninsular Stove Co.* v. *Ellis,* 20 Ind. App. 491, 51 N. E. 105, so the difficulty was cured.

The plaintiff's attempt to waive the first and second counts was unavailing; for it was after demurrer was filed, and he was then too late. 1 Tidd's Prac. 681; 2 Saund. 207, n. 2; *Rose* v. *Bowler,* 1 H. Black 108; Gould's Pl. IV, 102, 1 Chit. 205, 206.

*Judgment affirmed, and cause remanded.*