ALFRED S. WITHERBEE et al., Appellants, *v.* THOMAS H. BOWLES et al., Defendants, and LAWRENCE DILWORTH, Respondent.

Corporations — action by stockholder to set aside fraudulent increase of stock — who may be parties defendant — pleadings — sufficiency of allegations stating unlawful increase of stock — when inappropriate allegations may be disregarded.

A stockholder in a corporation has a right to attack and avoid a fraudulent increase of stock made and issued to others for the express purpose and with the clear result of depriving him of his relative position as a stockholder.

In an action brought by stockholders of a corporation in which they seek to set aside a sale and also an issue of stock and to be restored to their original position as holders of the controlling interest therein, the complaint is not demurrable because it sets out acts which would also be the basis of an action on behalf of the corporation, when these acts worked an injury to rights belonging to the plaintiffs individually as between them and the corporation and its other stockholders and not common to the latter. When in such case the greater proportion of the allegations and prayers for relief are appropriate to the statement of an individual cause of action, allegations not appropriate thereto may be deemed surplusage and may be disregarded.

When plaintiffs in such an action allege a conspiracy antedating and resulting in the unlawful sale of plaintiff's stock and in the subsequent unlawful increase of the capital stock of the corporation whereby plaintiffs were deprived of their stock, which was bought in by various defendants, and ousted from their position as controlling stockholders, to which continuous conspiracy at some point or other all of the defendants were parties, such allegations sufficiently set forth their injury and the connection of the defendants therewith to make out a cause of action. It is proper for them in one cause of action to attack all the acts and join all the parties who took part in the acts which have impaired their rights and which have erected barriers between them and the relief which they seek.

It is not necessary for plaintiffs to join, as defendants, either persons who now are, or at the time of the alleged illegal increase of stock were, directors holding a comparatively small amount of stock, but not united with the defendants in their alleged operations, or stockholders who are not involved in the controversy.

*Witherbee* v. *Bowles*, 142 App. Div. 407, reversed.

(Argued March 14, 1911; decided April 7, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart- ment, entered January 20, 1911, which reversed an interlocu- tory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The following questions were certified : " 1. Does the com- plaint state facts sufficient to constitute a cause of action ?  2. Is there a defect of parties defendant apparent upon the face of the complaint ?  3. Have causes of action been improperly united."

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Untermyer* and *Abraham Benedict* for appellants Causes of action have not been improperly united. (*Newland* v. *Rogers*, 3 Barb. Ch. 432; *Fellows* v. *Fellows*, 4 Cow. 684; *Boyd* v. *Hoyt*, 5 Paige, 64; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139 ; *Wood* v. *Sidney Sash, etc., Co.*, 92 Hun, 22 ; *Wright* v. *Simon*, 118 App. Div. 774; *Reed* v. *Stryker*, 4 Abb. Ct. App. Dec. 26; *N. Y., N. H. & H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 444; *Nat. Park Bank* v. *Goddard*, 131 N. Y. 494 ; *Farmers' Loan & Trust Co.* v. *N. Y. & N. R. R. Co.*, 150 N. Y. 410; *Porter* v. *International Bridge Co.*, 163 N. Y. 79; 200 N. Y. 234; *Bosworth* v. *Allen*, 168 N. Y. 157.) The complaint states a cause of action.  The sale complained of was wrongful and a breach of trust, procured by the defend- ants.  No matter at what stage various defendants became parties to the conspiracy, all are alike liable for all that occurred before and after.  The complaint alleges that all the defend- ants shared the plaintiffs' deposited stock and have it, and, therefore, a cause of action is stated against each.  (*Toplitz* v. *Bauer*, 161 N. Y. 235 ; *Wheeler* v. *Newbould*, 16 N. Y. 392 ; *Treadwell* v. *Clark*, 73 App. Div. 473 ; 114 App. Div. 493 ; 190 N. Y. 51; *Butler* v. *Wright*, 103 App. Div. 463 ; 186 N. Y. 259 ; *Harle* v. *Brennig*, 131 App. Div. 742; *Bryan* v. *Baldwin*, 52 N. Y. 232 ; *First Nat. Bank* v. *Hall*, 22 App. Div. 356 ; 3 Greenl. on. Ev. [14th ed.] § 93.)

*Martin Conboy* for respondent. The complaint is bad, as it attempts to set up two causes of action, one individual and the other derivative. (*Flynn* v. *B. C. R. R. Co.*, 158 N. Y. 493; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119; *Cavanaugh* v. *Comm. Trust Co.*, 181 N. Y. 121; *Ernst* v. *R. & B. S. Gas Co.*, 38 App. Div. 388; 3 Cook on Corp. [6th ed.] § 739; *Inman* v. *Interurban Water Co.*, 131 Fed. Rep. 997; *Groh* v. *Flammer*, 100 App. Div. 305; *Searles* v. *Gebbie*, 115 App. Div. 778; 190 N. Y. 533; *Brown* v. *Utopia Land Co.*, 118 App. Div. 365; *Whitney* v. *Fairbanks*, 54 Fed. Rep. 985; *Farrow* v. *Holland Trust Co.*, 74 Hun, 585; *Paulson* v. *Van Steenburgh*, 65 How. Pr. 342; *Stanton* v. *Mo. Pac. R. R. Co.*, 15 Civ. Pro. Rep. 296.) The complaint does not state a cause of action founded upon fraud and conspiracy in favor of the plaintiffs in either an individual or representative right, entitling them to equitable relief. (*Corbin* v. *George*, 2 Abb. Pr. 465; *Bryce* v. *Brown*, 7 Barb. 80; *Tifft* v. *Tifft*, 4 Den. 175; *Knowles* v. *City of New York*, 176 N. Y. 430; *Cohn* v. *Goldman*, 76 N. Y. 284; *Wood* v. *Amory*, 105 N. Y. 278; *Ins. Press* v. *M. F. D. Wire Co.*, 83 App. Div. 259; 178 N. Y. 623.) The complaint is demurrable for misjoinder of causes of action, because the several causes of action attempted to be alleged therein do not affect all the parties to the action. (Code Civ. Pro. § 484; *People* v. *E. L. Assur. Society*, 124 App. Div. 714; *Arkenburgh* v. *Wiggins*, 139 App. Div. 96; *Harris* v. *Elliott*, 29 App. Div. 568; *Nichols* v. *Drew*, 94 N. Y. 42.)

HISCOCK, J.    Plaintiffs are seeking to maintain the character and sufficiency of their complaint, which only contains one count, in the face of a demurrer which assails it on the grounds that there is a defect of parties defendant, that it does not state facts sufficient to constitute a cause of action, and that causes of action have been improperly united. The specification under this last and most important charge is that there have been joined one cause accruing to plaintiffs in their individual right and another derived from and asserted

in behalf of a corporation controlled by hostile and unfaithful directors.

It will promote convenience in the discussion of the entire subject to consider these grounds of demurrer in the inverse order from that stated, and the first inquiry, therefore, is, have causes of action been improperly joined?

The substance of plaintiffs' alleged grievances, without regard for the moment to the precise form of statement, may be briefly summarized. They claim that they were holders of a majority of the capital stock of the San Toy Mining Company, and had made a contract for the purchase of substantially all of the minority interest from some of the defendants; that in accordance with the plan adopted both blocks of stock were deposited with a trust company as security for the payment of the purchase price of the latter block in installments; that wrongfully and in pursuance of a conspiracy some of the defendants with the aid or acquiescence of the others procured all of this stock prematurely and without proper notice to be sold and that it was bought in on behalf of and subsequently distributed amongst the various defendants; that still later in furtherance of the plan to exclude plaintiffs from the corporation and fasten their own control thereon, even though plaintiffs should set aside said sale, the defendants being in power fraudulently caused the corporation to issue to one of their number in purported payment for some properties of little value a large amount of new stock sufficient to control the corporation and that this stock was subsequently distributed amongst all of the defendants or amongst some of them with the acquiescence of the rest. The plaintiffs seek to be restored to their original position as holders of the controlling stock interest in the corporation by procuring the sale of their stock to be set aside and the issue of new stock to be delivered up and canceled.

The first group of facts involved in the alleged unlawful sale of stock owned and purchased by plaintiffs obviously constitute or belong to a cause of action in their individual right. But by way of indirect support for the demurrer, it is

urged that the second group of facts involved in the alleged
unlawful increase of stock make a cause of action solely in
behalf of the corporation and cannot, even if properly alleged,
be utilized in an action in behalf of the plaintiffs individually.
I do not think this is so. It is not questioned that these acts
might be made the basis of an action by or in behalf of the cor-
poration to remedy the injury inflicted upon it and through it
upon all of the stockholders in common. But these same acts
performed for the purpose and with the effect stated worked
an injury to rights belonging to the plaintiffs individually as
between them and the corporation and its other stockholders
and not common to the latter.

In *Stokes* v. *Continental Trust Co.* (186 N. Y. 285), simply
affirming principles which had been long recognized, we
referred to the rights belonging to a person by virtue of his
ownership of stock in a corporation, especially mentioning the
one to exercise a relative voice in the control and manage-
ment of the corporation. We held that "The power of the
individual stockholder to vote in proportion to the number
of his shares, is vital and cannot be cut off or curtailed by the
action of all the other stockholders even with the co-operation
of the directors and officers," (p. 296) and determined that the
right of a holder to maintain an existing proportion and relation
between his stock and the entire capital stock was a property
right of which he could not be deprived on an increase of
stock under ordinary circumstances. In that case we gave
relief to a stockholder complaining of the method employed
in increasing the capital stock of a corporation which while
not claimed to be with fraudulent purpose, did impair his
right to take his proportion thereof. Holding this in such a
case, it seems very clear that a stockholder would have a right
to attack and avoid a fraudulent increase of stock made for
the express purpose and with the clear result of depriving
him of his relative position as a stockholder.

Therefore, this preliminary argument fails and we come to
the precise question whether plaintiffs by their complaint have,
as they might, moulded the offensive acts involved in the

increase of stock into the statement of an individual cause of action, or have, as claimed, shaped them into one in behalf of the corporation.

In determining this question I do not deem it necessary to recapitulate or even summarize to any extent the allegations of the somewhat lengthy complaint. I think there are certain predominant features of the action and the complaint which warrant us in believing that the pleader intended to and on the whole did set out an individual cause of action and not a derivative and incongruous one in connection with an individual one.

There is only one count. The first part of it concededly states facts only pertaining to an individual right of action and it does not seem too violent to credit the pleader with the design at least not to begin this single count with the statement of a cause of action of one character and finish it with the statement of one of another.

In the next place, the question fairly may be raised whether plaintiffs, deprived of and without the legal title to any stock, might maintain a stockholder's action in behalf of the corporation. Without deciding the question, it is not too much to say that it at least may be debated and again perhaps not too much to credit the pleader with perception of its existence and discretion enough to desire to avoid its difficulties. The complaint does not purport to be made and framed in behalf of the plaintiffs and all other stockholders as is usually and properly done in a derivative action.

And, lastly, the great proportion of the allegations and prayers for relief are appropriate to the statement of an individual cause of action. In fact the only basis found for the proposition that the complaint at this point is of a derivative character is found in two or three scattered allegations and clauses. For instance, it is alleged that the board of directors of the defendant company is constituted of the defendants in the suit and " it would be useless to ask them to institute any action, suit or proceeding for the recognition or enforcement of any of plaintiffs' rights." Also in connection with a demand that

the defendants account for such stock as may have come into their hands as the result of the alleged fraudulent sale and that they deliver up to the defendant company for cancellation such shares as may have come into their possession as the result of the alleged illegal increase of stock, it is prayed, " If any defendant cannot surrender up to the defendant company all of the shares of said increased stock so received by him, that then such defendant may be decreed to pay to the defendant company the par value of any such shares, delivery whereof he may be unable to make." These clauses are, of course, entirely inappropriate to an action brought by plaintiffs for the purpose of restoring themselves to their appropriate relative position as stockholders in the company. I do not, however, think that they are of sufficient extent or gravity to overturn the other features to which I have referred in determining the character of the action. I think, rather, that they are to to be attributed to the ignorance or carelessness of the pleader who did not exercise wisdom enough to stop when he had framed appropriate and necessary allegations for the cause of action which he was really trying to enforce, but from a confused desire to fortify the sufficiency of his complaint incorporated these allegations which were inappropriate and imperiled its correctness. If I am right in this conclusion, they are to be deemed mere surplusage and disregarded.

The next question is whether the complaint does sufficiently set forth a cause of action against the respondent, for he is right that in passing on the last ground of demurrer it was not necessary to his success that the complaint should have completely and sufficiently stated causes of action. It was enough if the pleader had attempted to set forth such causes of action and had partially succeeded in his purpose.

I think the complaint does set forth a cause of action. There is no doubt that it is inartificially framed and subject to many criticisms for alternative allegations and indefiniteness. These criticisms, however, while possibly they may be made the basis for some relief by motion, do not in my

28

opinion present defects of sufficient seriousness to sustain the demurrer. Viewing the allegations as a whole and giving them the benefit of that rule of liberal construction which prevails in favor of a pleader whose pleading is assailed by a demurrer, they do state actionable misconduct on the part of the defendants. They allege a conspiracy antedating and resulting in the unlawful sale of plaintiffs' stock and in the subsequent unlawful increase of the capital stock of the corporation whereby plaintiffs were deprived of their stock and doubly ousted from their position as controlling stockholders, and to which continuous conspiracy at some point or other all of the defendants including this respondent were parties. The object of the action is not to recover for the loss of plaintiffs' stock, but to regain their stock and their position as controlling stockholders in the corporation and for that purpose to be relieved from the acts in a continuous conspiracy whereby they have been deprived of these rights. I think they had a right to maintain such an action, and I believe that the allegations of their complaint sufficiently set forth their injury and the connection of the respondent therewith to make out a cause of action. It was proper for them · in one cause of action to attack all the acts and join all the parties who took part in the acts which have impaired their rights and which are barriers between them and the relief which they seek. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139 ; *Loos* v. *Wilkinson*, 110 N. Y. 195.)

Lastly, it is urged as a defect of parties that plaintiffs have failed to join as defendants one or two who now are or at the time of the alleged illegal increase of stock were directors and · also the holders of a comparatively small amount of stock who were not united with the defendants in their alleged operations. I do not think that it was necessary to join either set of people.

I can see no reason whatever for joining as a defendant a party otherwise unnecessary because a director now or at the time the increase of stock was made. This is not an action to punish directors for a breach of faith towards the corporation or to

hold them liable in damages for illegal conduct.   It is one, so far as that aspect of the case is concerned, to have an increase of stock adjudged illegal and to compel certain parties holding such increase to deliver up the certificates for cancellation. This relief in no wise renders it necessary to join a party simply because he happened to be a director when the increase was made.

Neither do I think it necessary to join stockholders simply as such when not involved in the controversy.   Presumably any outside stockholder would be benefited if plaintiffs should succeed in having the increase of stock canceled because thereby such stockholder's proportionate holding of stock would be increased.   The only theory which suggests itself for joining such stockholder would be that he might be interested in maintaining the increase of stock for property said to have been acquired thereby, or might have a theoretical interest even in maintaining the control of the corporation where it is now rather than with the plaintiffs as would be the case if they should succeed.   While these reasons possibly might be sufficient for allowing a stockholder to come in as a party on his own application, which we do not decide, they are not adequate to make him a necessary party.   The corporation is a defendant and presumably in behalf of all of the stockholders will give such defense to the transaction complained of as is appropriate.   So far as I am aware, it has never been held that in an action by a corporation or in a derivative action in its behalf to set aside a purchase or sale of the property it is necessary to join all of the stockholders as defendants.   Neither can it be the rule that stockholders have such a legal interest in the location of the control of a corporation that they are entitled to be parties to any suit which may change it.   If this were so, it would seem to be necessary to impose some restrictions on the rights of a stockholder to make such transfer of his holdings as might change the control of the corporation without the consent of the other stockholders.

For these reasons I think that the order of the Appellate Division should be reversed and the judgment of the Special

Term affirmed, with costs in both courts, and the questions certified to us answered, the first one in the affirmative and the last two in the negative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., absent.

Order reversed, etc.