HARRY BERNSTEIN, Respondent, *v.* GEORGE ORLEVITCH and Others, Appellants.

Second Department, April 15, 1921.

Corporations — complaint for specific performance of contract by stockholders and officers to sell stock to plaintiff and for an accounting for assets wasted states two causes of action — causes to be separately stated and numbered.

A complaint in an action against a corporation and individuals who were stockholders and officers thereof contains two causes of action which should be separately stated and numbered, where the plaintiff seeks, *first*, to compel specific performance of a contract by which the individual defendants agreed to sell him stock in the corporation defendant, and *second*, to compel the individual defendants to account and pay over to the corporation assets thereof wasted by them and for an accounting to determine the profits earned by the corporation after the signing of the agreement to purchase the stock, since during a portion of the period of mismanagement by the individual defendants the plaintiff was not a stockholder, so that his rights prior to the time the stock was paid for depend upon the contract and after that time upon his status as a stockholder of the corporation.

APPEAL by the defendants, George Orlevitch and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of March, 1921, denying their motion for an order requiring the plaintiff to separately state and number the causes of action alleged in the complaint.

The complaint demanded judgment for an accounting to determine the profits and surplus earned by the defendant

corporation since the signing of the contract between the plaintiff and individual defendants; that the individual defendants be compelled to transfer and issue to plaintiff one hundred shares of stock, and to account for and pay over to the corporation the assets wasted and diverted by them; that a receiver *pendente lite* of said corporation be appointed to preserve and collect its assets, and that the court direct that a dividend be declared and paid on the stock of the plaintiff.

*Lewis Schuldenfrei,* for the appellants.

*Albert A. Levin,* for the respondent.

PER CURIAM:

The learned justice at Special Term denied the motion upon the authority of *Witherbee* v. *Bowles* (201 N. Y. 427, 434), where the Court of Appeals said: " It was proper for them [plaintiffs] in one cause of action to attack all the acts and join all the parties who took part in the acts which have impaired their rights and which are barriers between them and the relief which they seek." But in the case at bar the plaintiff is asserting two distinct grievances, the first under a written contract by which the individual defendants agreed to sell him stock in the corporation. He alleges performance on his part, payment for the stock and refusal of delivery by the defendants. Here is a cause of action for specific performance, the plaintiff asserting his rights perforce the contract.

The plaintiff proceeds to allege that the individual defendants as officers, directors and managers of the corporation, have been guilty of wrongdoing: (a) by cheating and defrauding plaintiff of his stock and the dividends accruing thereon; (b) by " padding " the payrolls of the corporation; (c) by fraudulent payments to themselves for fictitious debts and larceny of the corporate property; (d) by failure to keep proper books of account; (e) by filing false reports. These are alleged to have occurred between the date of the agreement and the commencement of the action. Concededly, during a part of that period the plaintiff was not a stockholder of the defendant corporation. Until the stock was fully paid for, his rights depended upon the contract.

After the stock was paid for he was entitled to the rights and remedies of a stockholder under the law. These rights and remedies are essentially different from his rights under the contract. It would seem that this distinguishes the plaintiff's case from *Witherbee* v. *Bowles* (*supra*), and that the causes of action should be separately stated.

The order is, therefore, reversed, with ten dollars costs and disbursements, and defendants' motion granted, with ten dollars costs.

JENKS, P. J.; MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendants' motion granted, with ten dollars costs.