FREDERICK OSANN, a Stockholder of JONES DRILL AND SPECIALTY CORPORATION, a Domestic Corporation, on Behalf of Said Corporation and Other Stockholders, Respondent, *v.* JOSEPH W. JONES, Appellant.

Second Department, April 17, 1924.

Corporations — derivative action by holder of preferred stock to set aside issuance of common stock to promoter pursuant to promoter's purpose to defraud corporation — complaint sufficient.

The complaint in a derivative action by the holder of non-voting preferred stock states a cause of action where it alleges a fraudulent purpose, antedating the promotion of the corporation and carried out thereafter, whereunder the defendant has secured the issuance to himself of all the common stock, and that the consideration for such issuance of stock to defendant was the assignment by him to the corporation of his right to a device falsely represented by him to be patentable and valuable, and where it appears that the plaintiff paid cash for his stock in ignorance of the alleged fraud.

The allegations of the complaint are sufficient both in respect to plaintiff being a holder of preferred stock and as to the futility of a demand that the corporation sue directly.

APPEAL by the defendant, Joseph W. Jones, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of February, 1924, denying his motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Alexander Holtzoff,* for the appellant.

*Louis J. Halbert* [*Henry R. Barrett* with him on the brief], for the respondent.

PER CURIAM:

The allegations of the complaint, both in respect to plaintiff being a stockholder of preferred stock, and as to the futility of a demand that the corporation sue directly to redress the alleged injury to it, are sufficient. (*Witherbee* v. *Bowles,* 201 N. Y. 427; *Brock* v. *Poor,* 216 id. 387; *Traub* v. *Arrow Manufacturing Corporation,* 207 App. Div. 292.) The complaint also sets forth a cause of action by the plaintiff on behalf of the corporation. This is not a case in which it has turned out that an invention, or a business idea, for which corporate stock has been issued to a promoter, has less value than was originally hopefully supposed, as in the case of *Insurance Press* v. *Montauk Wire Co.* (103 App. Div. 472) and *Morgan* v. *Bon Bon Co.* (222 N. Y. 22), cited by appellant; nor is it a case to which may be applied the rule declared in *Blum* v. *Whitney* (185 id. 232) and *Old Dominion Copper Mining & Smelting Co.* v. *Lewisohn* (210 U. S. 206). The latter cases decided, in brief, that stockholders participating in an illegality or a fraud upon a corporation in the issuance of its stock are estopped from asking for redress therefor, even in the right of the corporation. The complaint in the action at bar alleges a fraudulent purpose, antedating the promotion of the corporation and carried out thereafter, whereunder the defendant has secured the issuance to him of all the common stock; the consideration for such issuance of stock to defendant being the assignment by the defendant to the corporation of his right to a device falsely represented by him to be patentable and valuable. The transaction is now questioned by the plaintiff, who is the holder of non-voting preferred stock for which he has paid cash in ignorance of the alleged fraud. A stockholder may bring an action in behalf of the corporation to set aside as fraudulent a transaction consummated at the expense of the corporation before he acquired his stock. (*Pollitz* v. *Gould,* 202 N. Y. 11.) Such an action may also be brought for an injury resulting from a wrongful purpose antedating the organization of the corporation (*Witherbee* v. *Bowles,* 201 N. Y. 427) when the stockholder was ignorant of the wrong or fraud. The cases of *Tooker* v. *Sugar Refining Co.* (80 N. J. Eq. 305) and *Scully* v. *Automobile Finance Co.* (11 Del. Ch. 355; 101 Atl. Rep. 908) are authorities for the maintenance of such a derivative cause of action by holders of preferred stock to

set aside the issuance of common stock to a promoter pursuant to the promoter's purpose to defraud the corporation.

The order should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ., concur.

Order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements.