**HORWITZ v. BALABAN et al.**

United States District Court
S. D. New York.
Oct. 24, 1949.

William Rosenfeld, New York City, for plaintiff, Pomerantz, Levy, Schreiber & Haudek, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants, Louis Connick and James P. Murtagh, New York City, of counsel.

RYAN, District Judge.

Plaintiff moves for an order directing that, upon the filing of the amended complaint, the stay of this action heretofore granted on September 30, 1949 pursuant to Section 61–b of the General Corporation Law, McK.Consol.Laws, c. 23, be vacated. Defendant, Paramount Pictures, Inc., moves simultaneously for an order dismissing the amended complaint upon the ground that plaintiff has failed to comply with the order of September 30 and has failed to file security of $75,000 as therein directed.

After the order of September 30, 1949 was entered, plaintiff was given permission to serve an amended complaint. It is his contention that the filing of this amended complaint has changed the nature of the claim asserted so that Section 61–b no longer applies. This change, it is asserted, has been effected by alleging in the amended complaint a claim against Paramount instead of a claim on Paramount's behalf so that "the suit is no longer a derivative but a representative stockholders' action."

The action arises out of the sale, in 1944, by the defendant Paramount of convertible notes in the amount of $2,000,000 to defendant Balaban, then president of Paramount. The sale was made pursuant to a contract between Balaban and Paramount dated May 9, 1944, set forth in Exhibit A to the amended complaint. The employment contract of Balaban had expired and he had indicated an intention of retiring as president. As an inducement to him to remain, Paramount entered into the agreement whereby Balaban was given the right to purchase for $2,000,000 notes of Paramount in this amount; $500,000 in principal amount of the notes became convertible upon Balaban's remaining in the employ of Paramount until January 1, 1945, and upon his remaining in said employ until January 1 of each of the succeeding years through January 1, 1948, an additional $500,000 principal amount of the notes became convertible. Balaban was given a seven-year period within which to exercise the option of conversion.

■ Section 61–b applies only to stockholders' actions "instituted or maintained in the right of any foreign or domestic corporation". The question presented by these motions is therefore whether the amended complaint alleges a claim "in the right of" Paramount. This must be determined by the allegations of the amended complaint and by the application of local law. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. A comparison of the allegations of the original complaint with those in the amended complaint will serve no purpose. We do, however, note that the original complaint alleged breach of fiduciary duties resulting in loss to Paramount and waste of its corporate assets to the personal benefit of defendant Balaban; and plaintiff asked for judgment that Balaban account and that the conversion privilege in the convertible note given by Paramount to Balaban "be declared cancelled and rendered null and void." The amended complaint does not seek an accounting; it prays that Balaban be enjoined from exercising the conversion or option right of the note given him and that Paramount be enjoined from honoring the exercise of the option.

■ Derivative and representative suits so called, are both class actions in the sense that plaintiff undertakes to represent stockholders not actually before the court. "Historically, without doubt, the stockholders' (derivative) suit grew as a type of representative suit." 22 Va.L.Rev. 153, 157, n. 13. Stockholders benefit from the successful result in both classes of suits; owning the corporation as they do the recovery in either suit ultimately inures to their benefit. But, the injury to the stockholders in a derivative suit results only indirectly by reason of the injury to the corporation and the right to recover for this injury rests solely in the corporation. Koster v. (American) Lumbermens Mutual Co., 1947, 330 U.S. 518, 522, 67 S.Ct. 828, 91 L.Ed. 1067; Price v. Gurney, 1945, 324 U.S. 100, 105, 65 S.Ct. 513, 89 L.Ed. 776.

■ To ascertain the fundamental nature of the suit one must ask whether the suit is based upon a personal or primary right belonging to the stockholder or upon a derivative right. Does the suit seek to enforce a right belonging to the corporation which is being invaded? Where the corporation has no right of action by reason of the transaction complained of, the suit is representative and not derivative.

■ It has long been recognized that by reason of stock ownership a stockholder possesses a personal right to exercise a relative voice in the control and management of the corporation. Stokes v. Continental Trust Co., 186 N.Y. 285, 78 N.E. 1090, 12 L.R.A.,N.S., 969. The right of a stockholder to maintain an existing proportion between his stock and the entire capital stock is a property right of which, under ordinary circumstances, he cannot be deprived by an increase of stock. A stockholder has a personal right of action to attack and avoid a fraudulent increase of stock made and issued to another which results in depriving him of his relative position as a stockholder. Witherbee v. Bowles, 201 N.Y. 427, 95 N.E. 27. A suit to protect this personal, primary right is not derivative because it is not maintained

in the right of the corporation or brought on its behalf.

Section 16(1) of the New York Stock Corporation Law, McK.Consol.Laws, c. 59, provides that the directors may, when authorized by a two-third vote of holders of outstanding stock confer on the holder of any debt or obligation the right to convert the principal thereof, upon terms and conditions fixed by resolution of the directors, into stock of the corporation. Section 16 (2) provides that "If the capital stock or the number of shares shall not be sufficient to meet the conversion when made, the directors, from time to time, shall authorize an increase of capital stock or the number of shares sufficient for that purpose * *."

Plaintiff alleges in the amended complaint that "actually the holders of less than two-thirds of the common shares of Paramount then outstanding and entitled to vote did cast their votes for the approval of the contract of May 9, 1944", and this, even though the official tally of the corporation indicated that more than the required two-third vote was cast for approval (par. 14). Plaintiff, thus, challenges the accuracy of the tally and by doing so brings into issue the validity of the conversion privileges granted Balaban in the note. Plaintiff challenges the votes cast at the annual stockholders' meeting of June 20, 1944, at which the Balaban contract and issuance of the conversion were authorized, upon the additional ground that the proxy statement issued in connection with the meeting "to defendants' knowledge contained materially false and misleading statements and omitted to state material facts" (par. 12), in violation of Section 14 (a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n(a), and Rule X–14A–5 of the Rules and Regulations of the Securities and Exchange Commission (par. 13).

By such allegations plaintiff again questions the legality of the conversion privileges and on this too an issue of fact is presented.

Although it appears that the conversion privileges have not yet been exercised by Balaban, the court may if the allegations are sustained provide a remedy by injunction to prevent the issuance of the stock, if it be found that the approval of the stockholders was secured by false proxy statements. The right to so enjoin the dilution of his stock interest by the improper issuance of option shares is a primary, individual right vested in plaintiff as a stockholder. Witherbee v. Bowles, supra.

But, defendants argue that the amended complaint alleges substantially a claim for the rescission of the convertible note contract between Paramount and Balaban, that this right rests in Paramount alone and that consequently the suit is actually a derivative suit for rescission.

That the acts complained of and the illegal issuance of option stock to Balaban may affect not only the rights of the corporation as well as those of plaintiff seems well established in New York. Stokes v. Continental Trust Co., supra; Witherbee v. Bowles, supra. Plaintiff does not attempt to destroy the entire contract including both the loan and the option, for part has long since been consummated the loan having been made in 1944. He does ask, however, that the use of the option be enjoined and this right has not yet been exercised. He seeks to prevent an immediate and impending threat of injury; this is his right. While a suit might lie by the corporation for rescission, the existence of such corporate right neither negates nor destroys plaintiff's right to sue.

Nor is plaintiff deprived of his right to enjoin the issuance of these option shares to Balaban by the fact that under the articles of incorporation of Paramount (Article Fifth) a stockholder has no preemptive right "to purchase or subscribe for * * * any obligation which the corporation may issue or sell which may be convertible into or exchangeable for any shares of stock * * * or to purchase or receive from the corporation, any shares of its stock of any class or classes." Although plaintiff has no preemptive right to subscribe to either convertible notes or new stock issues, the provisions of Section 16 of the Stock Corporation Law are mandatory, and failure to comply with them

would render the contract with Balaban void with respect to the conversion privileges. The same may be said with equal force of violation of Section 14(a) of the Securities Exchange Act of 1934 and Rule X–14A–5.

It is concluded that the amended complaint does not allege a claim "instituted or maintained in the right of" the corporation; the stay heretofore granted is vacated and defendant Paramount's cross-motion to dismiss the action is denied.