## AMES v. MENGEL CO. et al.

No. 284, Docket 22029.

United States Court of Appeals Second Circuit.

Argued April 30, 1951.

Decided July 12, 1951.

Harper & Matthews, New York City, for defendant-appellant; James D. Carpenter, Harold Harper, and Vincent P. Uihlein, New York City, of counsel.

Sidney L. Garwin, New York City, for plaintiff-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellee is a citizen of New York who owns fifty of the common shares of the appellant, The Mengel Company, which is a New Jersey corporation. She brought suit in the New York state court against the corporation and its president, Alvin A. Voit, a citizen of Kentucky, to enjoin the sale by the corporation to Voit of ten thousand of its unissued shares of common stock and for her reasonable counsel fees and expenses. No service of process has been made on Voit.

The suit was removed to federal court and there the appellant, before filing an answer, obtained an order requiring the appellee to show cause why she should not give security to the appellant in the sum of five thousand dollars for its reasonable attorneys' fees and expenses pursuant to § 61–b of the New York General Corporation Law. Before hearing on the order to show cause the appellee filed an amended complaint which alleged substantially as follows:

The corporation duly called a special meeting of its stockholders to be held on February 27, 1945, to vote, among other things, upon a resolution of its Board of Directors which granted to its president, Voit, an option to purchase from the corporation ten thousand of its unissued common shares at any time and from time to time before December 31, 1949, at ten dollars per share, provided the option was exercised while Voit was still in the employ of the corporation.

At this special meeting the stockholders approved, by the required consent of two thirds of those present, the granting of the option. On October 21, 1949, the Board of Directors authorized the issuance of the ten thousand shares of stock to Voit for the purchase price of one hundred thousand dollars payable by a demand promissory note for that amount bearing interest at the rate of three *per centum* annually and secured by the stock, but on which Voit was, by the express terms of the note, not personally liable, it providing that the corporation was to have no recourse against the maker of the note except to the extent of the stock deposited as collateral security.

On October 26, 1949, Voit attempted to exercise his option to purchase the shares by giving the corporation the above described note which provided that "the Corporation shall look solely to the collateral placed for the security of this note" and further that the dividends declared on the shares held as security were to be used first for the payment of the interest due on the note and then for the payment of the principal.

It was further alleged that Voit did not pay for the stock in accordance with the terms of the authorized option; that the stockholders did not consent at the special meeting or at any other time to an option for the sale of any shares except for cash; and that all of the said shares are now "in the possession and under the control of the Corporation."

It was also alleged that during 1950 the corporation had declared dividends of one

dollar and five cents per share and had announced that in the future its regular quarterly dividend would be fifty cents a share, an arrangement which would permit defendant Voit to pay for the shares of stock over a period of years "without any money being expended by him and without any investment or financial risk and solely with the funds of the corporation"; that all the dividends which had accrued upon the shares were in the possession and under the control of the corporation; and since the purported purchase by Voit the common shares of the corporation had sold on the New York Exchange at nineteen and five-eighths.

It was further alleged that the purported exercise of the option by Voit violated "the preemptive rights of the plaintiff to buy stock of the Corporation" and would "deprive the plaintiff of her relative position as a stockholder"; that unless enjoined the transfer of the shares to Voit would irreparably damage the plaintiff and other stockholders in similar situation by depriving them of their preemptive right to purchase the stock, by permitting the corporation to honor Voit's exercise of his purported option which the Board of Directors would not thereafter question by demanding an accounting from Voit, and by depriving the plaintiff and all similarly situated stockholders "of their proportionate position as stockholders of the Corporation."

It was also alleged that the plaintiff brought the action in behalf of herself "and all other stockholders of the Corporation"; that the corporation had approximately five hundred and seventy thousand shares of common stock outstanding, which stock was registered on the New York Stock Exchange and held by many thousands of stockholders "widely scattered throughout the United States and other countries," that it was, therefore, impracticable "to bring all stockholders before the Court" and that the "prosecution of this action by plaintiff fairly insures the adequate representation by all stockholders." Holding that the suit was not one "instituted or maintained in the right" of The Mengel Company and that, therefore, § 61–b of the New York General Corporation Law was not applicable, the trial court denied the application for security and this appeal was taken.

■ The order denying the application is appealable, and if this is a derivative action within the meaning of the New York statute security for expenses must be given in a federal court. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. We need not decide, however, whether the suit is within the scope of that statute, since we conclude that the amount in controversy is not sufficient to support federal jurisdiction of the action.

■ The foregoing summary of the amended complaint shows that this is a suit not secondary, to enforce a primary right of the corporation, but one directly against the corporation in which the corporation is not a nominal defendant but the actual one. See Holthusen v. Edward G. Budd Mfg. Co., D.C.E.D.Pa., 55 F.Supp. 945. Its purpose is to prevent by injunction a sale of unissued stock by the corporation which will violate the preemptive rights of the appellee and other stockholders who are in like situation, i. e., to vindicate stockholders' rights and not corporate rights. It is, indeed, a representative action, but the appellee does not "represent" the corporation but only herself and other like stockholders. Witherbee v. Bowles, 201 N.Y. 427, 95 N.E. 27; Kohler v. Humphrey, 5 Cir., 174 F.2d 946. Accordingly, whatever its status under the New York statute, the action is not a true derivative class suit like one under Rule 23(a) (1), F.R.C.P. 28 U.S.C.A., where the amount in controversy would be measured by the value of the corporate right.

■ The existing stockholders of the corporation all have preemptive rights to bid for any unissued shares of the corporation which are for sale. Borg v. International Silver Co., 2 Cir., 11 F.2d 147. This is the New Jersey law. Way v. American Grease Co., 60 N.J.Eq. 263, 269, 47 A. 44. The recoverable damages are measured by the value of the stockholder's right. Stokes v. Continental Trust Co., 186 N.Y. 285, 78

N.E. 1090, 12 L.R.A.,N.S., 969. As the highest value attributable to a share as shown by this record is less than nineteen dollars, it is obvious that the plaintiff, who holds only fifty out of approximately 570,000 outstanding shares, has an interest which puts in controversy but a small fraction of the $3000 required to give the court jurisdiction. Unless the claims of other stockholders in like situation may be cumulated to do that, the action must be dismissed. We hold that they cannot be cumulated.

Each of the present stockholders has a right enforceable against the corporation. To the extent that these rights are represented in this suit they are several and are affected in common by questions of law and fact and common relief is sought. Without a greater community of interest, such a suit falls within Rule 23(a) (3), and is a spurious class action in which the claims of those within the class may not be aggregated for jurisdictional purposes. Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L. Ed. 1520; Knowles v. War Damage Corporation, 83 U.S.App.D.C. 388, 171 F.2d 15, certiorari denied 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077; Steele v. Guaranty Trust Co., 2 Cir., 164 F.2d 387, 388, certiorari denied 333 U.S. 843, 68 S.Ct. 661, 92 L.Ed. 1127; Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 143 F.2d 819, 821; Matlaw Corporation v. War Damage Corporation, 7 Cir., 164 F.2d 281, certiorari denied 333 U.S. 863, 68 S.Ct. 744, 92 L.Ed. 1142.

Miller v. National City Bank of New York, 2 Cir., 147 F.2d 798, involved a suit which, unlike this one, sought the restoration of a common and specific fund.

In so far as System Federation No. 91 v. Reed, 6 Cir., 180 F.2d 991, and Brotherhood of Railway Trainmen v. Templeton, 8 Cir., 181 F.2d 527, 533, certiorari denied 340 U.S. 823, 71 S.Ct. 57, are in conflict with the views here expressed we find ourselves in disagreement with them.

Order reversed and complaint dismissed for lack of jurisdiction.