### SHIELD v. McCUTCHEON et al.
#### No. A–8403.

District Court, Alaska.
Third Division, Anchorage.
March 18, 1953.

John E. Manders, Anchorage, Alaska, for plaintiff.

McCutcheon, Nesbett & Rader, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

The plaintiff has sued for cancellation of certain shares of the capital stock of defendant, Valley Hotel Corporation, alleged to have been fraudulently issued, and for other relief. The plaintiff alleges that at the time of the issuance of the stock, the plaintiff was the absolute owner of approximately 60%, and thus more than a majority, of the issued and outstanding shares of the capital stock of the defendant corporation; and that the defendants McCutcheon, Nesbett, Hassman and Ryan and other directors of the corporation held a meeting of the Board of Directors and wrongfully and fraudulently voted the issuance of and caused to be issued to the defendants McCutcheon, Nesbett, Hassman and Ryan, 2,600 shares of the capital stock of the corporation whereby the plaintiff was deprived of the control of the corporation through ownership of a majority of its issued and outstanding stock.

This suit is brought by the plaintiff in his individual capacity and not to enforce a derivative or secondary right, and is therefore not a "class action" under Rule 23, Fed.Rules Civ.Proc. 28 U.S.C.A. Dresdner v. Goldman Sachs Trading Corp., 1934, 240 App.Div. 242, 269 N.Y.S. 360, 363. The plaintiff's complaint is not verified as required by Section 23(b) of the Rules with respect to derivative suits. In argument upon the defendants' motion to dismiss for lack of verification, it was repeatedly asserted by counsel for the plaintiff that the suit was not derivative in any sense and, therefore, that under the Rules with respect to individual actions no verification was or is necessary. While the immediate issue arises upon the matter of verification, the basic question is whether the plaintiff may sue for an individual wrong, and not be compelled to bring a derivative action which would be subject to the provisions of 23(b) of the Rules.

This Court, after deliberation, in the case of Bowman v. Alaska Airlines, D.C., 14 F.R.D. 70 has held that as a general rule suits by minority shareholders for cancellation of stock and for other kindred relief may not be brought by an individual stockholder for his own benefit alone, but may be asserted only as a class or derivative action for himself and other stockholders similarly situated.

The only respect in which the action before us differs from the Bowman case is that in this suit the plaintiff says that he was the majority stockholder and that by a fraudulent conspiracy on the part of the defendants he was deprived of that status and hence that he has a right to bring the suit for his own individual wrong and is not compelled to assert his claim through a class action. And so we must consider whether the decision of the Court in the Bowman case ought to apply here.

The following excerpts from the text of 13 Fletcher on Corporations 276, bear directly upon the subject:

"Actions or suits which may be brought by a stockholder as an indi-

vidual include the following, among others:

\* \* \* \* \* \*

"8. Acts depriving a stockholder or member of rights as such, including acts depriving one of the advantage of a majority control.

\* \* \* \* \* \*

"If the cause of action is based on unlawful acts relating solely to stock owned by plaintiff, it is an individual and not a corporate cause of action, while if it is based on acts relating to the capital stock as an entirety, or a particular class of stock, it is ordinarily a corporate cause of action and cannot be sued for by a stockholder merely as an individual. However, if the acts complained of, although relating to the stock as a whole, work an injury to rights belonging to the stockholders individually as between them and the corporation and its other stockholders, as where an unlawful increase of stock ousts the complaining stockholders from their position as controlling shareholders, the action is individual and not derivative."

That statement is, of course, not without the support of judicial authority. In Witherbee v. Bowles, 1911, 201 N.Y. 427, 95 N.E. 27, 28 it was distinctly held that under similar circumstances the aggrieved plaintiff was entitled to bring a suit individually and was not restricted to a class action. In that connection, the Court of Appeals of New York, speaking through Justice Hiscock, said:

"In Stokes v. Continental Trust Co., 186 N.Y. 285, 296, 78 N.E. 1090, 1093, 12 L.R.A.,N.S., 969, simply affirming principles which had been long recognized, we referred to the rights belonging to a person by virtue of his ownership of stock in a corporation, especially mentioning the one to exercise a relative voice in the control and management of the corporation. We held that 'the power of the individual stockholder to vote in proportion to the number of his shares is vital and cannot be cut off or curtailed by the action of all the other stockholders even with the cooperation of the directors and officers,' and determined that the right of a holder to maintain an existing proportion and relation between his stock and the entire capital stock was a property right of which he could not be deprived on an increase of stock under ordinary circumstances. In that case we gave relief to a stockholder complaining of the method employed in increasing the capital stock of a corporation which while not claimed to be with fraudulent purpose did impair his right to take his proportion thereof. Holding this in such a case, it seems very clear that a stockholder would have a right to attack and avoid a fraudulent increase of stock made for the express purpose and with the clear result of depriving him of his relative position as a stockholder."

The Supreme Judicial Court of Maine in Trask v. Chase, 107 Me. 137, 77 A. 698 (1910) arrived at the same conclusion. This is a case deserving of consideration although it appears that all of the stockholders of the corporation, other than the plaintiff, were named as defendants. Not only authority but reason support that view. One who through the fraudulent action of others in a corporation is deprived of his uniquely powerful position with respect to the assets and the business of such corporation by being deprived of his control as a holder of the majority of the issued and outstanding stock, suffers a special damage and has an individual right for recovery.

Paragraph 1 of the Motion to Dismiss, the only one argued, that "the plaintiff has not complied with the Federal Rules of Civil Procedure relating to class actions", is denied; and the second ground of the motion, that "the complaint fails to state a claim upon which relief can be granted", may be set down for hearing at the earliest convenient time.