Richard **WEINER**, Plaintiff,

v.

Robert A. **WINTERS**, Axe-Houghton Fund B, Inc., Axe Science Corporation, et al., Defendants.

No. 69 Civ. 2461.

United States District Court, S. D. New York.

June 16, 1970.

Rosenthal & Gurkin, New York City, for plaintiff.

Thomas V. Urmy, Jr., New York City, for Axe-Houghton Fund B, Inc. and Axe Science Corp.

## MEMORANDUM

LEVET, District Judge.

This is a motion by defendants Axe-Houghton Fund B, Inc. and Axe Science Corporation for dismissal of the complaint pursuant to Rules 12 and 23.1 of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Rule 56, F.R.C.P.

The action is brought against various individual and corporate defendants for alleged violations of the Investment Company Act of 1940 (15 U.S.C. § 80a–1 et seq.), the Securities Act of 1933 (15 U.S.C. § 77a et seq.), the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.), the rules and regulations pertaining to each act, and violation of fiduciary duties.

Plaintiff Richard Weiner is a shareholder in Fund of America, Inc. (the "Fund"), a diversified open-end investment company, or mutual fund.

Defendants in the first four and eighth causes of action, which are alleged to be brought derivatively on behalf of the Fund (Complaint ¶ 2(b)), are certain individuals who were directors of the Fund; various corporations as advisors to the Fund, distributors of Fund shares, and sponsors and distributors of plans for the accumulation of Fund shares; and the Fund itself as derivative defendant only.

The fifth, sixth and seventh causes of action, in addition to the defendants previously mentioned, name as "John Doe" defendants individual and corporate brokers and dealers who are alleged to have received " 'reciprocals', 'give-ups' and 'interpositioning' " from the defendants; and as derivative defendants only (Complaint ¶ 2(b); Caption) five other funds,[1] including the moving defendants, Axe-Houghton Fund B, Inc. and Axe Science Corporation. Moving defendants are mutual funds which are alleged to have been damaged by the acts of non-derivative defendants. These are the only causes in which movants are named as defendants.

Defendants' attack on the complaint is based upon the following contentions:

First: That plaintiff "is not and is not alleged in the complaint to be, a shareholder" of either of these defendants, and, therefore, lacks capacity to sue on their behalf; and

Second: That the allegations of the complaint which state that the funds which are named as derivative defendants are "under the mutual investment management of defendants and are under the common distribution of defendants;" that moving defendants and the other funds named are "coordinately managed in day to day operations and distributions by the same companies and persons;" and that the "portfolio transactions" of moving defendants "are interrelated and com[m]ingled" with those of the other funds named are "wholly inaccurate and completely without foundation."

█ The moving defendants have not designated the particular section of Rule 12 under which they move. However, a

1. By order of Judge Frankel of this court dated September 23, 1969, the complaint was dismissed without opposition as to derivative defendant National Investors Corporation (the caption of the complaint twice named National Investors Corporation as a derivative defendant). Four funds other than Fund of America, Inc. remained as derivative defendants.

motion under Rule 12(b) (6) for failure to state a claim upon which relief can be granted may properly be utilized to assert a defense of lack of capacity to sue. See 2A Moore's Federal Practice ¶ 12.-07, note 13 at 2263 (2d ed. 1968); Klebanow v. New York Produce Exchange, 344 F.2d 294 (2nd Cir. 1965). Matters outside the pleading having been considered by the court, the motion is treated as one for summary judgment under Rule 56.

## THE STATUTORY REQUIREMENTS

Rule 23.1 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

"In a derivative action brought by one or more shareholders or members to enforce a right of the corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law * * *. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association * * *."

Paragraph 2 of the complaint states that plaintiff "presently is a shareholder of Fund of America, Inc. * * * [and] has been a shareholder of the Fund at and continuously since the time of the wrongs alleged * * *."

The complaint contains no allegation that plaintiff is or was a shareholder in any of the other mutual funds which are named as "derivative defendants only," and plaintiff does not now contend that he is or was a shareholder in any of these other funds, including the moving defendants. (Affirmation of Ira Sands in opposition to the motion, March 31, 1970, pp. 15, 16)

## PLAINTIFF'S CONTENTIONS OF CLASS ACTIONS

Plaintiff, however, offers three theories in support of his position that he, nonetheless, has standing to maintain this action on behalf of the moving defendants:

First: Since plaintiff is a shareholder of one fund, he is authorized to institute a derivative action on behalf of that fund pursuant to Rule 23.1 F.R.C.P. Plaintiff contends that he is therefore "[r]epresentative member of a Class consisting of all shareholders of the other sister funds who are members of this same related family of funds." Since each shareholder of that class would be authorized to institute a derivative action on behalf of his own fund pursuant to Rule 23.1, plaintiff claims that, as representative, he is authorized under Rule 23 to institute "such action" on behalf of all members of his class.

Second: Since the one fund in which plaintiff owns shares is itself a member of a class of related funds and plaintiff's action is being conducted on its behalf, "this one fund can conduct the action on behalf of the Class of which it is a member, pursuant to Rule 23."

Third: Since under the Investment Company Act the fund is "nothing but the alter ego * * * of its stockholders because of the 'net assets value' redemption requirements, the plaintiff Class is composed of the thousands of holders together with their funds."
(Affirmation of Ira Sands in opposition, pp. 3–4)

Plaintiff cites Kauffman v. The Dreyfus Fund, Inc. (U.S. District Court, District of New Jersey, October 1, 1969 and December 18, 1969, 68 Civ. 1348) in support of his contention that he has asserted class claims on behalf of shareholders of these funds and, therefore, the complaint should not be dismissed. In Kauffman, Judge Cohen denied, with-

out prejudice, a motion to dismiss which was based in part on the ground of lack of standing to sue.

Plaintiff Kauffman was a shareholder in four mutual funds. He brought an action naming those four funds, as well as a large number of other funds and individuals with whom he had no shareholder relationship, as defendants. The complaint is brought under the Sherman and Clayton Acts (15 U.S.C. § 1 et seq.) and seeks treble damages and injunctive relief for antitrust violation as well as damages and other relief for violations of the Investment Company Act of 1940 (15 U.S.C. § 80a–1 et seq.), the Investment Advisors Act of 1940 (15 U.S.C. § 80b–1 et seq.), and the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.).

In the Kauffman case, the court stated its opinion "that: (a) plaintiff does fairly and adequately represent claims on behalf of individual shareholders of the defendant mutual funds, not being limited to those of which he is himself a shareholder, nor confined to the assertion of only derivative, as distinguished from nonderivative or representative claims; that (b) this action may be maintained at least as a 'hybrid class' action, a class yet to be ascertained, in order to reach and dispose of other motions involving jurisdiction, process and venue."

Plaintiff herein comments that the Kauffman case "is the only case which diligent research has discovered, wherein mutual funds are involved in a similar Class or derivative action, *wherein the Class procedure has been introduced.*" (Affirmation of Ira Sands in opposition, p. 4)

A review of the Kauffman complaint demonstrates that plaintiff therein clearly designated each class he purports to represent, and alleged direct wrongs to, and sought direct recovery for, each class member, both corporate and individual.

## DEFENDANTS' CONTENTIONS AS TO CLASS CLAIMS

It is the moving defendants' position that "nowhere in the complaint—either in its allegation or in its prayer for relief—does plaintiff claim to be bringing a direct action on behalf of *any* class of shareholders, whether of his own investment company or of others." (Defendants' Reply Memorandum in support of motion, April 9, 1970, p. 6)

The court, after consideration of the complaint, the affidavits, affirmation and memoranda of law submitted by the parties, and after hearing oral argument, has concluded that defendants' motion to dismiss the complaint must be granted.

■ Both a representative action by a shareholder on behalf of himself and other shareholders and a shareholder's derivative action may be considered class actions in the sense that in both the plaintiff seeks to be representative of the large group of shareholders who are not actually before the court. 3B Moore's Federal Practice ¶ 23.1.16 [1], at 23.1–103 (2d ed. 1969); Himmelblau v. Haist, et al., 195 F.Supp. 356 (S.D.N.Y.1961); Horwitz v. Balaban, et al., 112 F.Supp. 99 (S.D.N.Y.1949).

■ The question whether a suit is a representative class action wherein Rule 23.1 F.R.C.P. would not be applicable, or a derivative action wherein the rule would apply, depends upon whether the shareholder seeks to enforce a primary or personal right belonging to the shareholders or whether the right sought to be enforced is secondary, belonging to the corporation. 3B Moore's Federal Practice ¶ 23.1.16 [1], at 23.1–101—23.1–103 (2d ed. 1969); Horwitz v. Balaban, et al., supra.

■ If a suit is based upon a secondary or derivative right of action, Rule 23.1 F.R.C.P. applies even though plaintiff claims that his intention was to state a class claim based upon a primary

right. 3B Moore's Federal Practice ¶ 23.1.16 [1], at 23.1–103 (2d ed. 1969).

In the present action, it is clear that the complaint contemplated no representative class action as to shareholders in the Fund of America, Inc., or any other mutual fund shareholders. Plaintiff makes no assertion that he brings suit in a representative capacity other than to state that he "will fairly insure the adequate representation of the shareholders of the Fund and the Fund itself," (Complaint, ¶ 48) meaning the shareholders of the Fund of America, Inc. and the Fund of America, Inc. itself. No such allegation as to representation is made as to any other shareholders or funds despite the fact that paragraph 48 has been incorporated by reference throughout the complaint as paragraph 48 refers only to the Fund of America, Inc.

As stated previously, each cause of action in the complaint herein is stated to have been brought derivatively on behalf of the funds which are named in the caption as "derivative defendants only." (Complaint, ¶ 2(b)) All statutory and fiduciary violations alleged are stated to be wrongs to the funds. (See, e. g., Complaint, ¶¶ 78, 80, 82) No claim is made of wrongs to individual shareholders. As to each cause of action plaintiff seeks damages by way of accounting and restitution to the funds. Finally, plaintiff himself has stated "[o]ur case is one solely where the plaintiff is suing for the benefit of the funds only. He is not suing to have any money put into his pocket or pockets of members of the Class of shareholders. This is very clear in the complaint and plaintiffs' opposing papers on this motion." (Plaintiff's Additional Memorandum in opposition to the motion, received April 16, 1970, p. 7; see also Plaintiff's Memorandum in opposition, March 27, 1970, p. 6)

■ Plaintiff's contention that since each fund is no more than the alter ego of its stockholders due to the "net asset value" redemption requirements and thus that the stockholders and the funds have been jointly wronged, is without merit. (Affirmation of Ira Sands in opposition, pp. 12–13) The law is well settled that where a corporation is wronged by the acts of others, it is the corporation, not the individual shareholders, which has a cause of action. Brictson v. Woodrough, 164 F.2d 107 (8th Cir. 1947), cert. denied, 334 U.S. 849, 68 S. Ct. 1500, 92 L.Ed. 1772 (1948); Green v. Victor Talking Machine Co., 24 F.2d 378 (2nd Cir.), cert. denied, 278 U.S. 602, 49 S.Ct. 9, 73 L.Ed. 530 (1928); Mullins v. First National Exchange Bank, 275 F.Supp. 712 (W.D.Va.1967). And this is so even though shareholders allege that the value of their own stock has been impaired by injury to the corporate assets. Pittsburgh & W. Va. Ry. Co. v. United States, 281 U.S. 479, 50 S. Ct. 378, 74 L.Ed. 980 (1930); Henry v. General Motors Corp., 236 F.Supp. 854 (N.D.N.Y.), aff'd, 339 F.2d 887 (2nd Cir. 1964).

■ Accordingly, I conclude that plaintiff states only derivative claims.

■ Moreover, assuming arguendo, that plaintiff had attempted to state a class claim for a class consisting of the Fund of America, Inc. and the four other funds now remaining as derivative defendants, it could hardly be concluded that these five funds constituted a class "so numerous that joinder of all members is impracticable," as required by Rule 23.

## STANDING TO MAINTAIN DERIVATIVE ACTION

■ The question then resolves itself into simply whether one who is not a shareholder of a mutual fund may maintain a derivative action on behalf of such fund. I believe the answer to be no.

There is nothing in the Investment Company Act (15 U.S.C. § 80a–1 et seq.) which would authorize a shareholder of

one mutual fund to bring a derivative action on behalf of another mutual fund in which he holds no shares. General Time Corp. v. American Investors Fund, Inc., 283 F.Supp. 400 (S.D.N.Y.), aff'd on other grounds 403 F.2d 159 (2nd Cir. 1968), cert. denied sub nom. General Time Corp. v. Talley Industries, Inc., et al., 393 U.S. 1026, 89 S.Ct. 631, 21 L. Ed.2d 570 (1969); Securities and Exchange Commission v. General Time Corp., 407 F.2d 65 (2nd Cir. 1968), cert. denied, 393 U.S. 1026, 89 S.Ct. 637, 21 L.Ed.2d 570 (1969). As stated by the court in General Time Corp. v. American Investors Fund, Inc., supra, 283 F.Supp. at 401–402, "[s]tanding to assert claims under the Investment Act extends to any person holding an ownership interest in a company subject to the Act. \* \* \* But where persons who are not shareholders have sought to object to a registered company's conduct, standing has been denied [citations omitted]."

The case of Verrey v. Ellsworth et al., 303 F.Supp. 497 (S.D.N.Y.1969), is in point. In that case, plaintiff was a holder of shares of Axe Science Corporation and brought an action "individually, derivatively and representatively on behalf of all four Axe Houghton Funds and their shareholders." (Id. at 499) Plaintiff theorized that as the owner of shares in one fund she was possessed of a beneficial interest in the other three Axe-Houghton funds due to the "transfer privilege" which entitled her under certain circumstances to transfer her investment in Axe Science Corporation into any of the other Axe-Houghton funds, each of which is a separate corporation. The court held that such terminable transfer privilege created no beneficial interest in the other three funds and without such interest plaintiff had no capacity to sue on behalf of the other three funds. The complaint was dismissed with leave to file an amended complaint in her capacity as a shareholder of Axe Science Corporation in compliance with Rule 23.1, F.R.C.P.

The court noted that the Second Circuit, in discussing the predecessor to Rule 23.1, "agreed that compliance with the requirements of the rule was not merely technical in nature but rather was the only valid means of establishing plaintiff's capacity to sue. Abramson v. Pennwood Invest. Corp., 392 F.2d 759, 761–762 (2d Cir. 1968)." (Id., note 1, at 499)

It is clear that in the instant case, plaintiff, who owns no shares in the moving defendants, has no capacity to maintain a derivative action on their behalf.

Since the court has concluded that plaintiff lacks standing to maintain a derivative action on behalf of the moving defendants, it is unnecessary to consider the other issues raised by movants.

The complaint is dismissed as to defendants Axe-Houghton Fund B, Inc. and Axe Science Corporation.

Settle order on notice.